UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **FRASERSIDE IP LLC, an Iowa Limited Liability Company,** )  )  ) **CASE NO. 11-cv-3025-MWB**  **Plaintiffs,** )  )  **vs.** )  )  **WHOISGUARD, d/b/a XHAMSTER.COM and JOHN DOES 1–100 and JOE DOE COMPANIES 1 – 100,** )  )  )  )  **Defendants.** ) | |

## DEFENDANT XHAMSTER.COM'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR LEAVE TO FILE AMICUS BRIEF

"Federal courts have discretion to permit participation of amici where such participation will not prejudice any party and may be of assistance to the court." *Strougo v. Scudder, Stevens & Clark, Inc.*, 1997 WL 473566 (S.D.N.Y. Aug. 18, 1997) (*citing Vulcan Society of New York City Fire Dept, Inc. v. Civil Service Commn*, 490 F.2d 387, 391 (2d Cir. 1973)). *See also Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership III v. Rockefeller Center Properties, Inc.*, 1996 WL 120672 (S.D.N.Y. March 19, 1996) (granting amicus leave to appear and argue, citing cases "uniform in support of a district court's broad discretion to permit or deny amici appearances"); *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y 1991) (amici can "provide supplementary assistance to existing counsel and insur[e]a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

Federal district courts have both the inherent authority and broad discretion in deciding whether to permit such participation. See *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp.

1495, 1500-01 (S.D. Fl. 1991); *Dunbar v. Landis Plastics, Inc.*, 996 F. Supp. 174, 179 (N.D.N.Y. 1998);*Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996); see also *Tutein v.Daley*, 116 F. Supp. 2d 205, 209 (D. Mass. 1999) (inviting non-party to file motion for amicus curiae); *Resolution Trust Corp. v. Boston*, 150 F.R.D. 449, 455 (D. Mass. 1993) (same). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence." *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001). Courts typically permit amicus participation if the information offered is "timely and useful." See *Ellsworth Assocs.*, 917 F. Supp. at 846; *Martinez v. Capital Cities/ABC-WPVI*, 909 F. Supp. 283, 286 (E.D. Pa. 1995) (permitting EEOC's amicus participation to explain significance of letter it sent to plaintiff in employment discrimination case). See *Pennsylvania Envtl. Def. Found. v. Bellefonte Borough*, 718 F. Supp. 431, 434-35 (M.D. Pa. 1989) (permitting United States' amicus participation based on its primary responsibility for insuring that the Clean Water Act is properly enforced).

Because the issues and facts here involve the non-party xHamster.com, and it's counsel has information which would be of assistance to the Court and will aid in providing the Court with a complete record of facts and events, it is particularly appropriate for this Court to hear from xHamster on these matters.

Respectfully submitted,

\_\_\_/s/ Connie Alt_____
JENNIFER E. RINDEN    AT0006606
             for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:         (319) 365-9461
FAX:           (319) 365-8564
cma@shuttleworthlaw.com
ATTORNEYS FOR DEFENDANT HAMSTER.COM

Copy to:
Chad Belville
Chad Belville Attorney at Law
P.O. Box 17879
Phoenix, AZ  85066

| CERTIFICATE OF SERVICE |
|---|
| The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on August 23, 2011 by:<br><br>[ x ] Electronically via ECF for ECF registrants<br>[ ] U.S. Mail _____<br>[ ] Fax _____<br>[ ] Fed Ex _____<br>[ ] Hand Delivered _____<br>[ ] other _____<br><br>**Anne Johnson** |