UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **FRASERSIDE IP LLC, an Iowa Limited Liability Company,** ) ) ) | |
| ) | CASE NO. 11-cv-3025-MWB |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| **WHOISGUARD, d/b/a XHAMSTER.COM and JOHN DOES 1–100 and JOE DOE COMPANIES 1 – 100,** ) ) ) ) | |
| Defendants. ) | |

## DEFENDANT XHAMSTER.COM'S AMICUS BRIEF

Introduction

Fraserside IP has knowingly named and served the wrong party in the present lawsuit – and having been offered every opportunity both by counsel for WhoIsGuard and xHamster to correct the mistake –has nevertheless chosen to seek both a default and default judgment against a party neither named nor served in this action. To make matters worse, it has then proceeded to misrepresent to this Court the procedural history underlying his actions. Finally, in a direct and shocking attempt to wreck harm on xHamster's business and interfere with its business relations, plaintiff Fraserside IP has used its improperly-gained tactical position to comment in the media that it has "even started to entertain offers for the [xHamster] site." *See XBIZ article dated August 18, 2011, attached hereto as Exhibit 1*.

It is understandable why Fraserside IP and its counsel would like to skip the trial and move directly to the judgment phase: it cannot succeed if it follows the rules of Court. But the

Courts are not Wonderland and Fraserside IP is not the Queen. *See* Carroll, Lewis, *Alice's Adventures in Wonderland*, Chapter 12 ("Sentence first - verdict afterwards!")

For the reasons stated more fully herein, xHamster.com, a non-party to the present action, respectfully requests leave to file an amicus brief with the Court as to the reasons why the Court should vacate the default entered, deny Fraserside IP's motion for a default judgment, dismiss the present action, and award sanctions against Fraserside IP and its counsel.

Argument

Fraserside IP initiated the present action on or about May 23, 2011, naming as a defendant "WhoIsGuard, d/b/a xHamster.com." Docket Entry No. 1. On July 6, 2011, Fraserside IP filed with the Court a return of service, purporting to have effectuated service on WhoIsGuard d/b/a xHamster.com. Docket Entry No. 9.

On July 14, 2011, having learned of the action and purported service on "WhoIsGuard d/b/a xHamster.com," counsel for xHamster immediately wrote to plaintiff's counsel to inform him that he had named and served the incorrect party. *See Letter to Chad Belville dated July 14, 2011, attached hereto as Exhibit 2.* In this letter, counsel gave Fraserside IP full notice of its error:

> You assert also that WhoisGuard is doing business as xHamster.com. Nothing could be further from the truth – as even the most minimal of investigations (as required under Fed. R. Civ. P. 11) – would have revealed to you. WhoisGuard is a company that enables persons registering domain names to do so without having all of their contact information detailed in the Whois registry databases. According to WhoisGuard's website, every person who registers their domain name through www.namecheap.com receives free WhoisGuard protection. According to my research, WhoisGuard provides this service to more than 135,000 domains (including xHamster.com). Other than the fact that WhoisGuard is listed in the whois registry, it has no connection whatsoever with xHamster.com
>
> You might want to think of WhoisGuard like the United States Post Office, which provides (for a fee) post office boxes to businesses. You have, then, sued the Post Office because you noticed that someone has an address listing a P.O. Box.

2

> ... Thank you for your attention to this matter. Please confirm to me in writing that you will be withdrawing your return of service and that you will not be attempting to seek a default against xHamster.com, which has not been served.

In response, counsel for Fraserside IP responded that it would not discuss the matter unless and until xHamster's counsel filed notices of appearance in the present case. *See Emails from Chad Belville dated July 18 and 20, 2011, attached hereto as Exhibits 3 and 4, respectively.* Fraserside IP, of course, intended with this demand to set for xHamster a lose-lose trap. There is no way for xHamster.com's attorneys to enter an appearance in the present matter, since xHamster.com has not actually been named as a defendant. Although xHamster.com might have been able to move to intervene in the case, there is conflicting case law among the circuit courts as to whether, by filing a motion to intervene, a defendant waives its right to challenge personal jurisdiction. *See County Sec. Agency v. Ohio DOC, 296 F.3d 477, 483 (6th Cir. 2002)*("a motion to intervene is fundamentally incompatible with an objection to personal jurisdiction.") *But see SEC v. Ross, 504 F.3d 1130, 1150 (9th Cir. 2007)*("We do not think that anything in the Federal Rules suggests that a non-named party cannot intervene of right and then contest the federal court's exercise of in personam jurisdiction.")[1]

If xHamster filed a petition for intervention in an action in which it had neither been named or served, then, the Plaintiff would undoubtedly have used such petition as "evidence" that xHamster had in fact been named or served and had waived its objections to personal

---

[1] Some courts that have held that a motion to intervene waives personal jurisdiction have stated that the proper course of action for a defendant in xHamster.com's position is to seek leave of court to file an amicus brief, as xHamster.com does here. *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.),* 471 F.3d 1233, 1249 (11th Cir. 2006)("We find it worthwhile to point out that Westgate could have pursued other avenues to challenge Ford's application for injunctive relief without submitting to the in personam jurisdiction of the district court, both before and after the injunction issued. For example, Westgate could have sought leave from the district court to file an amicus curiae brief.")

jurisdiction. And, if xHamster did not do so, the Plaintiff would (as it did) improperly file a motion for default, knowing full well that the intended defendant had not been served.

Despite the fact that xHamster took the initiative to contact Fraserside IP before any motion for default was filed, Fraserside IP's counsel felt free to represent to the court in its motion for a default judgment that:

> Defendant, with full knowledge of this action and retaining counsel, has failed to respond to the Summons in any way until default was imminent.

*Plaintiff's Motion for Default Judgment, p. 25.*

On July 29, 2011 – with full knowledge that xHamster.com had not been properly served or named and with full knowledge that WhoIsGuard had no actual connection to xHamster – Fraserside IP nevertheless moved for a default against WhoIsGuard. Docket Entry No. 10. Fraserside IP did not serve a copy of this motion on xHamster.com's counsel, despite knowing that xHamster.com was represented. Adding insult to injury, in its motion to default, Plaintiff Fraserside IP claimed that – although it had been informed by xHamster.com that the Plaintiff had named and served the wrong defendant – that if xHamster wanted to complain about this, it "may raise this issue by resisting a Motion for Default." *Plaintiff's Motion for Default, p. 2.* Of course, by not serving xHamster.com with the Motion (and by not properly naming it as a defendant in the first place), Fraserside IP had ensured that xHamster.com could *not* file a resistance to its motion.

Indeed, xHamster.com only learned of the motion and the default entry made by the Court after the fact and then only by checking PACER. As soon as xHamster.com became aware of the default, it again contacted counsel for Fraserside IP. In an email dated August 11, 2011, counsel for xHamster.com wrote:

> As you know from my letter of July 14, 2011, you have named (and, you claim, served) the wrong party. WhoIsGuard has no affiliation with xHamster whatsoever. Given that you knew all of this, I was surprised to learn from the Court's docket that you nevertheless filed a Motion for Default against WhoIsGuard. I was all the more surprised that you did not provide me with a courtesy copy of your motion at the time of filing, since you knew that I would not be notified through the ECF system of the same. Indeed, since xHamster is not actually properly named, there was no way for us to oppose the motion through the ECF system.
>
> Your proceeding down this path with the wrong named defendant is of no benefit to anyone and so I would propose the following: If Fraserside IP amends the complaint to properly name xHamster as a defendant, I will agree to accept service of process on their behalf, thereby obviating your need to make service under the Hague convention. (Please note that xHamster is NOT waiving its right to contest jurisdiction and, indeed, intends to do so.) To avoid confusion, you would also need to remove the default as to WhoIsGuard and dismiss them out from the litigation. At that point, though, we will be able to proceed, just as we are doing in the Youngtek matter. It does your client no good to pursue a judgment against the wrong defendant and, indeed, doing so having been informed that the defendant is improperly named only creates potential consequences for you and your client.

*See Email to Chad Belville, dated August 11, 2011, attached hereto as Exhibit 5.*

Undeterred by any need for any sense of procedural fairness, however, Fraserside IP decided to soldier on, filing a Motion for Default Judgment in which it represented to this Court that it had completely and appropriately followed all of the requirements of proper service and notice.

In support of its attempt to be allowed to name and serve the wrong party (and nonetheless obtain a default judgment for tens of millions of dollars which it may try to enforce against xHamster.com), Fraserside IP cites only to the Frequently Asked Questions section of the ICANN's website. As a preliminary matter, ICANN is a private non-profit corporation, whose internal FAQ page does not – despite what the Plaintiff seems to think – trump the Federal Rules of Civil Procedure. *See What is ICANN Web Page from icann.com, attached hereto as Exhibit 6.*

5

Moreover, the Plaintiff simply reads too much into (and quotes too little of) the ICANN FAQ page. The page does no more than say that private registrations are available if the registrar is responsible and then directs registrants to see the internal guidelines of their registrar. The FAQ page does not define what it means to be "responsible" but rather leaves that definition to the discretion of each of the individual registrars. Presumably, though, ICANN's rules do little more than require that registrars who make private registration available to also make sure that they (the registrar) keep appropriate contact information for the site's owners and to make such information available, where necessary, to comply with legal requirements.

In the present case, when WhoIsGuard's attorney learned of the present action (and two others commenced by Fraserside, improperly naming WhoIsGuard as a defendant), he contacted Fraserside's counsel and provided him with the contact information for the proper defendants. *See Affidavit of Valentin Gurvits, attached hereto as Exhibit 7*. Although counsel for Fraserside IP acknowledged that WhoIsGuard was not the proper defendant – and agreed to amend Fraserside IP's *other* complaints (where it had not yet improperly moved for default), he refused to amend Fraserside's complaint in the present case to name the proper defendant, choosing instead to attempt to capitalize on a default entry which it received only because it was willing to knowingly mislead this court.[2] *See Gurvits Affidavit.*

WhoIsGuard's attorney has endeavored to explain to Fraserside's counsel that WhoIsGuard has been improperly named, gave Fraserside until 5 p.m. PST on August 23, 2011 to dismiss WhoisGuard and name the proper party, and plans to file a motion to set aside default if Fraserside fails to meet said deadline. *See Gurvits Affidavit.*

---

[2] Presumably, having bragged to the media about how it was already intending to sell off the xHamster.com website to satisfy an improperly acquired judgment, Fraserside IP felt less willing to back off from its position.

6

Case 3:11-cv-03025-MWB   Document 23   Filed 08/25/11   Page 6 of 7

## Conclusion

Although xHamster.com is clearly Fraserside IP's intended target, xHamster.com has not been properly named or served in this matter. As such, the Court should vacate the entry of default, deny Fraserside IP's motion for a default judgment, dismiss the complaint, and sanction Fraserside IP and its counsel for its knowing deception, necessitating the present motion.

Respectfully submitted,

\_\_\_/s/ Connie Alt_____
JENNIFER E. RINDEN    AT0006606
                for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:         (319) 365-9461
FAX:              (319) 365-8564
cma@shuttleworthlaw.com
ATTORNEYS FOR DEFENDANT HAMSTER.COM

Copy to:
Chad Belville
Chad Belville Attorney at Law
P.O. Box 17879
Phoenix, AZ  85066

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on August 23, 2011 by:

[ x ] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____

**Anne Johnson_____**