Chad Belville IA Bar 015731
304 East Beth Drive
Phoenix, AZ 85042
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company<br><br>vs.<br><br>Hammy Media Ltd, dba XHamster.com and<br>www.xhamster.com and John Does 1 - 100 and<br>John Doe Companies 1 - 100 | No. 11-cv-03025-MWB<br><br>**APPEAL OF MAGISTRATE<br>ORDER GRANTING<br>XHAMSTER.COM<br>LEAVE TO FILE AMICUS<br>BRIEF** |

COMES NOW, Plaintiff, Fraserside IP, LLC, by and through its counsel, Chad Belville, and respectfully appeals the Magistrate Court decision in its August 25, 2011 order granting xHamster.com leave to file an amicus curiae brief herein. In support of its Appeal, Plaintiff provides the attached Brief.

1

## TABLE OF CONTENTS

STATEMENT OF FACTS ................................................................................................ 4

LEGAL ARGUMENT...................................................................................................... 5

# TABLE OF AUTHORITIES

*Cases*

*American Satellite Co. v. U.S.*, 22 Cl.Ct. 547 (Cl.Ct. 1991) ............................................................. 5

*City and County of Denver v. Denver Tramway Corp.*, 23 F.2d 287 (8th Cir. 1927) ................ 5, 7

*Picard v. Greiff*, --- F.Supp.2d ----, 2011 WL 2791279 (S.D.N.Y. 2011) ................................... 6, 7

*Sciotto v. Marple Newtown School Dist.*, 70 F.Supp.2d 553 (E.D.Pa. 1999) ............................. 6, 7

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970) .......................................................................... 6


*Other Authorities*

4 Am. Jur. 2d Amicus Curiae § 10 ................................................................................................. 6
4 Am. Jur. 2d Amicus Curiae §1 ................................................................................................ 5, 7

## STATEMENT OF FACTS

Plaintiff filed this action for copyright and trade infringement occurring on the website www.XHamster.com. The website was registered to the name of WhoIsGuard. Plaintiff named WhoIsGuard d/b/a XHamster.com as Defendant and served WhoIsGuard at its address, in accordance with the rules of Court and the rules for registration of domains.[1] Counsel for XHamster.com contacted Plaintiff's counsel, showing that it was aware of the suit. However, both WhoIsGuard and XHamster.com failed to file an answer. Thus, Plaintiff sought and obtained the Clerk's Entry of Default.

Thereafter, Plaintiff filed a Motion seeking a Court Order entering a default judgment against Defendant. It was only at that point that XHamster.com made any appearance in this case.

XHamster.com filed "XHamster.com's Motion for Leave to File Amicus Curiae Brief," in which XHamster.com asserted it was a non-party. The signature of XHamster.com's counsel, however, identified them as "Attorneys for "**_Defendant_** XHamster.com." At the same time, XHamster.com also filed "**_Defendant_** XHamster.com's Memorandum in Support of Emergency Motion for Leave to File Amicus Brief." Likewise, counsel Eric Fray-Witzer and Valentin Gurvits each filed separate Motions for Admission Pro Hac Vice to appear on behalf of "**_Defendant_** XHamster.com" in this case.

The Court conducted an emergency hearing on August 25, 2011 on the Motion for Leave to File Amicus Curiae Brief. As a result of that hearing, the Court entered an order

---

[1] The rules of ICANN, the Internet Corporation for the Assignment of Names and Numbers, require that domains be registered to the rightful owner, and that all contact information be kept up to date. However, ICANN also provides that a third party, such as WhoIsGuard, may be listed as the registered owner of the domain, so long as that third party accepts responsibility for the domain.

simultaneously permitting XHamster.com to file amicus curiae brief and requiring Plaintiff to file an amended complaint to specifically name XHamster.com as a Defendant in this action.

**LEGAL ARGUMENT**

Amicus Curiae "are nonparties who often have different perspective from the principal litigants." 4 Am. Jur. 2d Amicus Curiae §1. "A true amicus curiae is without interest in the proceeding in which he or she appears; he or she is a bystander." *Id*.

The role of the Amicus Curiae is limited. As the Eighth Circuit Court of Appeals has noted, "[i]t is hornbook law that an amicus curiae cannot take exceptions to the rulings of the court; cannot take the case from one court to another by appeal or writ of error; cannot apply for a rehearing." *City and County of Denver v. Denver Tramway Corp.*, 23 F.2d 287 (8th Cir. 1927). There, the Eighth Circuit found that the City had taken exception to rulings of the court, making it "clear that the City is and has been a real defendant, and has acted as such."

The purpose behind excluding parties from attempting to act as amicus curiae arises from the fact that the "the most important consideration [in determining whether to grant leave to file an amicus brief] is whether the court is persuaded that participation by the amicus will be useful to it, <u>as contrasted with simply strengthening the assertions of one party</u>." *American Satellite Co. v. U.S.*, 22 Cl.Ct. 547 (Cl.Ct. 1991). That court noted that "<u>participation which simply allows the amicus to litigate its own views, or to simply present its version of the facts</u>" is frowned upon by the courts. *Id*. There, the court denied the amicus' request to appear, finding that the amicus was not a disinterested non-party offering to guide the court on a legal issue, but one that was "intimately involved in the facts and circumstances leading to the pending lawsuit, and is a few weeks away from being a litigant itself. … <u>[T]he implication is that [the amicus's] real interests are as a litigant, not as a friend of the court</u>." (emphasis added) *Id*.

5

Other courts agree. In *Picard v. Greiff*, --- F.Supp.2d ----, 2011 WL 2791279 (S.D.N.Y. 2011), the court declined to permit a petitioner to file an amicus brief where the petitioner was a party to another adversary proceeding brought by Picard. The court held that the amicus was personally involved and could not provide the Court with "neutral assistance in analyzing the issues before it." Likewise, in *Sciotto v. Marple Newtown School Dist.*, 70 F.Supp.2d 553 (E.D.Pa. 1999), the court declined to permit an association of school insurers to file an amicus brief where the association had a specific pecuniary interest in the defendant's perspective in the case and did not attempt to present itself as a neutral party. The Court had that it is "apparent to this Court that the petitioner is better characterized as 'amicus reus,' or friend of the defendant, than amicus curiae."

In addition, the First Circuit Court of Appeals has held that "an amicus who argues facts should rarely be welcomed," and "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief." *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970).

Here, the Court should reconsider its decision to permit XHamster.com to file its Amicus Curiae Brief. XHamster itself has identified itself as the true defendant in this case, even in its Memorandum in Support of its motion to file an amicus brief. XHamster.com is also intimately involved in the facts and circumstances of the case. It is not a neutral observer seeking to guide the court. As the Amicus Brief itself shows, XHamster is a party seeking a particular ruling from the court: it specifically challenges the entry of default, asks the court to deny Plaintiff's Motion for Default Judgment, and asks the Court to dismiss the Complaint. "An amicus curiae … has no power to move for dismissal of a cause, for by so doing, he assumes to act as <u>attorney for the defendants</u>." 4 Am. Jur. 2d Amicus Curiae § 10. And, where, as in *City and County of Denver v.*

6

*Denver Tramway Corp.*, 23 F.2d 287 (8th Cir. 1927), XHamster.com seeks relief for a party, the Court cannot confer on it the status of an amicus curiae.

The Amicus Brief also largely focuses on and argues the facts of the case. Indeed, it seeks to provide the Court with additional facts it should consider. The nature of the amicus is intended to educate the Court on the law, not facts. As the First Circuit ruled, the Court should not permit an amicus who is submitting facts to be considered when ruling on the issues in the case.

In addition, the Magistrate has ordered that XHamster.com be named as a proper party defendant. The foregoing authorities certainly mandate that a Defendant cannot be an amicus curiae in its own action. *See, e.g., Picard*, *supra*, where petitioner was denied amicus status because he was a defendant in another, similar case filed by the plaintiff. In researching this issue, no cases were found which permitted a <u>party</u> to file an amicus brief. It simply is not permitted because the nature of the amicus curiae, as its literal meaning shows, is that of a friend of the court. 4 Am. Jur. 2d Amicus Curiae § 1. The Court thus cannot permit a defendant, to act as an "amicus reus," or friend of itself or its co-defendant. *Sciotto v. Marple Newtown School Dist.*, *supra*.

Accordingly, Plaintiff Appeals that part of the Magistrate's order granting Defendant XHamster.com leave to file a brief as an amicus curiae, and respectfully requests the Court vacate that order and enter an order denying XHamster.com's Motion for Leave to File Amicus Curiae Brief.

DATED: August 31, 2011				Respectfully submitted,

						By:

							/s/ Chad L. Belville
							cbelville@azbar.org
							Chad Belville, Attorney at Law
							Attorney for Plaintiff

7

Iowa Bar # 015731

Physical Address    304 East Beth Drive
Phoenix, AZ 85042

MAILING ADDRESS:    P.O. Box 17879
Phoenix, AZ 85066

Telephone: 602-904-5485
FAX: 602-297-6953
E-mail cbelville@azbar.org
ATTORNEY FOR PLAINTIFF

Certificate of Service

The undersigned certifies that this document was served on all interested parties at the addresses listed for ECF filing notification on the same date as filing.

/s/ Chad Belville