UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. CV-11-3025-MWB |
| Hammy Media Ltd, dba ) | |
| XHamster.com, ) | |
| www.XHamster.com, ) | |
| John Does 1-100, and ) | |
| John Doe Companies 1-100, ) | |
| Defendants. ) | |
| ) | |

HAMMY MEDIA LTD, d/b/a XHAMSTER.COM'S RESISTANCE TO
FRASERSIDE IP, LLC'S APPEAL OF MAGISTRATE ORDER
GRANTING XHAMSTER.COM'S LEAVE TO FILE AMICUS BRIEF

Plaintiff Fraserside IP, LLC ("Fraserside IP") apparently believes that this Court's resources are both limitless and to be squandered at will on motions both frivolous and inconsequential. And so, having been thwarted in its insistence that it was entitled to obtain a default judgment against an entity that it knowingly misnamed and failed to properly serve, Fraserside now appeals the Magistrate Judge's decision to allow xHamster.com to file an *amicus* brief – the only available procedural tool then available to it as a result of the Plaintiff's machinations – not because Fraserside IP disputes any of the facts or arguments contained in the *amicus* brief, but because Fraserside IP wishes to stamp its feet and shout – like the Wizard of Oz – that the Court should "pay no attention to the man behind the curtain." Neither the law nor common sense requires such a result. In further support of this resistance, xHamster.com states as follows.

**Background**

Fraserside IP began this litigation by naming (and, purportedly, serving) the wrong party. It did so even though the barest modicum of research would have revealed its error. And, despite being repeatedly informed of its error both by counsel for xHamster.com and the improperly named WhoIsGuard.com (and offered the opportunity to rectify the situation), Fraserside IP refused to correct its mistake. *See generally Docket Nos. 23 and 20 and exhibits thereto.*

Indeed, Fraserside IP acknowledged the error – agreeing to amend similarly erroneous complaints it had filed - but refused to correct the error in *this* case because it believed it could capitalize on the improperly-issued default, because xHamster.com (as a non-party) was unable to defend itself. *See Declaration of Eugene Rome, Docket No. 20.2* ("In a responsive email dated August 19, 2011, Mr. Belville refused to comply with my demands claiming that his client was loathe to voluntarily dismiss a defendant from an action where default had been entered, regardless of whether the defendant being sued was the proper defendant or whether the defendant served had notice of the action.")

Faced with the potential that a motion to intervene might waive arguments concerning personal jurisdiction[1] (which xHamster.com strongly contests), xHamster.com followed the procedure outlined for just such a circumstance by the Eleventh Circuit and filed a motion seeking leave to provide the court with an amicus brief. *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233, 1249 (11th Cir. 2006)("We find it worthwhile to point out that Westgate could have pursued other avenues to challenge Ford's application for injunctive relief without submitting to the in personam jurisdiction of the district

---

[1] *See County Sec. Agency v. Ohio DOC*, 296 F.3d 477, 483 (6th Cir. 2002)("a motion to intervene is fundamentally incompatible with an objection to personal jurisdiction.") *But see SEC v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007)("We do not think that anything in the Federal Rules suggests that a non-named party cannot intervene of right and then contest the federal court's exercise of in personam jurisdiction.")

2

Case 3:11-cv-03025-MWB   Document 30   Filed 09/02/11   Page 2 of 8

court, both before and after the injunction issued. For example, Westgate could have sought leave from the district court to file an *amicus curiae* brief.")

After graciously providing for an expedited hearing on the matter, and apparently believing that xHamster.com's brief might be helpful to its decision, the Court allowed xHamster.com's motion for leave to file. *See Docket No. 22.* The Court also ordered the Plaintiff to amend its complaint to properly name xHamster.com as the defendant in this action, an action for which no order should have been necessary.

On August 29, 2011, Fraserside IP filed its amended complaint, naming xHamster.com as the proper defendant and on August 31, 2011, Fraserside IP dismissed WhoIsGuard.com as a defendant. Fraserside IP refused to take either of these actions (which were clearly required under Fed. R. Civ. P. 11), until ordered to do so by the Court.

On August 31, 2011, Fraserside IP filed the present appeal, objecting only to that portion of the Magistrate's order that allowed xHamster.com to file an *amicus* brief. Tellingly, Fraserside IP does not appeal from the substantive decision requiring it name the proper defendant, only from the part of the order that allowed the filing of a document which it, apparently, finds embarrassing.[2]

### Argument

The Court has the inherent authority to allow or deny a request for leave to file an *amicus* brief. *Smith v. Chrysler Fin. Co.*, 2003 U.S. Dist. LEXIS 1798, 21-22 (D.N.J. Jan. 14, 2003)(and numerous citations therein). "The extent to which the district court should permit an amicus curiae is solely within the court's discretion." *Id. (citations omitted).* The Court is free to allow an *amicus* brief if it believes such a brief would provide information which is "timely"

---

[2] Although Fraserside IP's embarrassment is justified – *see Exhibit 1* – it was also entirely avoidable and fully self-inflicted.

and "useful." *Id. (citations omitted).* "The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters is extremely deferential." *See, e.g., Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 2004 U.S. Dist. LEXIS 24710 (D. Minn. 2004). Accordingly, then, Fraserside IP's appeal cannot succeed unless it can demonstrate that the Magistrate abused his discretion in allowing the submission of the *amicus* brief. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)("The district court has broad discretion to appoint amici curiae. We may reverse an order appointing amici only if the district judge has abused his discretion.")

To the extent that they can properly be termed as such, Fraserside IP presents only two "arguments" that the Magistrate abused his discretion: (1) that xHamster.com was not "neutral," and, therefore it should not have been allowed to file an amicus brief, and (2) that xHamster.com identified itself as a "defendant" in its brief and therefore it was *actually* a party even though Fraserside IP had not named it as such. During oral argument, Fraserside IP presented these same arguments, each of which was rejected by the Magistrate.

With respect to Fraserside IP's first argument, it is well settled that "by the nature of things an amicus is not normally impartial." *Waste Mgmt., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995). *See also Hoptowit. supra* at 1260 ("Amicus did, of course, have an interest in vindicating federal constitutional rights. There is no rule, however, that amici must be totally disinterested"); *Bryant v. Better Business Bureau*, 923 F. Supp. 720, 728 (D. Md. 1996)("It is undoubtedly true that NAD and NCLD argue from a partisan position. It has been observed, however, that by the nature of things an amicus is not normally impartial. ...Moreover, there is no rule that amici must be totally disinterested"); *In re Meinen*, 228 B.R. 368, 376 (Bankr. W.D. Pa. 1998)("Courts uniformly point out that, by the nature of things, an amicus is not normally

4

impartial"); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993)("there is no rule . . . that amici must be totally disinterested. ...Indeed, by the nature of things an amicus is not normally impartial); *Liberty Res., Inc. v. Phila. Hous. Auth.,* 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)("Even if RAB did have a side to which it was partial, there is no rule . . . that amici must be totally disinterested.")[3] During oral argument, Fraserside IP raised this argument and – consistent with the case law cited above – the Magistrate properly noted that, as a rule, *amici* are usually not impartial. Certainly the Magistrate was entitled to take into account xHamster.com's interests in the litigation in deciding how much weight to afford the *amicus* brief and, presumably, the Magistrate did precisely that.

Fraserside IP's second argument – that xHamster.com's amicus brief should be rejected because it identified xHamster.com as a "defendant" – is so absurd as to almost defy response.[4] Again, though, this issue was raised and fully addressed during oral argument. As was explained by counsel for xHamster.com, the original caption of the case was so misleading that local counsel's legal assistant incorrectly assumed that xHamster.com was actually already a defendant in the present action at the time the *amicus* brief was filed.[5] In the end, although the signature block and caption should likely have identified xHamster.com as the "Intended Defendant" or "Putative Defendant," calling a non-party a "defendant" does not actually make it so. *See, e.g., Wall v. U.S.*, 2005 WL 2429893 (D. Me. 2005)("Painting a pumpkin green and calling it a watermelon will not render its contents sweet and juicy.")

---

[3] To the extent that Fraserside IP suggests that *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) compels a different result, it does so only by omitting relevant portions of that court's holding. Although the *Strasser* court did advocate caution in allowing interested parties to submit amicus briefs, it explicitly found it to be acceptable in circumstances such as the one here where, "the amicus has a special interest that justifies his having a say."

[4] *Planned Parenthood v. Lawall*, 193 F.3d 1042 (9th Cir. Ariz. 1999)("Merely to state so ludicrous a proposition suffices to refute it.")

[5] Ironically, the error simply serves to prove xHamster.com's point that – even though it was not actually a named defendant in the action – there was a significant risk to it that a layperson might believe xHamster.com was actually a defendant, enabling Fraserside IP to act on its improperly-obtained default.

5

Finally, Fraserside IP's appeal reveals itself for what it is by virtue of the relief it seeks (or, more accurately, doesn't seek). xHamster.com's amicus brief sought only that the Court (1) require the Plaintiff to name the proper party, and (2) require the Plaintiff to dismiss the complaint against the improperly-named party. The Court ordered that the Plaintiff do both of these, which the Plaintiff has done without appeal. The sole purpose of Fraserside IP's resource-wasting appeal, then, is to seek removal from the public record a document which it found to be embarrassing. Given the Plaintiff's conduct to date, its embarrassment is a just result.

## Conclusion

For the reasons articulated herein, Fraserside IP's appeal should be denied, the Magistrate's order should be affirmed, and xHamster.com should be awarded its reasonable attorney's fees incurred in responding to a patently frivolous appeal.[6]

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
BBO # 643572
(617) 928-1804
vgurvits@bostonlawgroup.com


/s/ Connie Alt
CONNIE ALT   AT0000497
JENNIFER E. RINDEN    AT0006606
         for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:       (319) 365-9461
FAX:   (319) 365-8564
jer@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT
XHAMSTER.COM

---

[6] "A district court has authority under its inherent power to assess attorney's fees against a party which has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. This inherent power is similar to the court's other powers to impose sanctions, but it is both broader in that it may reach more litigation abuses and narrower in that it may only be for attorney's fees." *Am. Seeds, LLC v. Watson*, 2010 U.S. Dist. LEXIS 104102 (D.S.D. 2010), *quoting United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005).

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on September 2, 2011 by:

[ x ] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____

                                            /s/Evan Fray Witzer

Copy to:
Chad Belville
Chad Belville Attorney at Law
P.O. Box 17879
Phoenix, AZ  85066