Chad Belville IA Bar 015731
304 East Beth Drive
Phoenix, AZ 85042
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company )<br>)<br>)<br>vs. )<br>)<br>)<br>Hammy Media Ltd, dba XHamster.com and )<br>www.xhamster.com and John Does 1 - 100 and )<br>John Doe Companies 1 - 100 )<br>) | No. 11-cv-03025-MWB |

**PLAINTIFF'S REPLY TO HAMMY MEDIA LTD,
d/b/a XHAMSTER.COM'S RESISTANCE TO FRASERSIDE IP, LLC'S
APPEAL OF MAGISTRATE ORDER GRANTING
<u>XHAMSTER.COM'S LEAVE TO FILE AMICUS BRIEF</u>**

COMES NOW, Plaintiff, Fraserside IP, LLC ("Plaintiff" or "Fraserside"), by and through its counsel, Chad Belville, and replies to Hammy Media Ltd, d/b/a Xhamster.com's ("Defendant" or "Xhamster") Resistance to Fraserside, IP, LLC's Appeal of Magistrate Order Granting Xhamster.com's Leave to File Amicus Brief.

In support of its Reply, Plaintiff provides the following Brief.

1

Initially, Xhamster asserts that Fraserside has been thwarted in its attempts to move the case forward. This is simply not the case, because, Xhamster's attempts to obtain dismissal (attempts both outside the litigation and within the litigation) were unsuccessful. Fraserside, on the other hand, has successfully obtained acceptance of service for the owner of Xhamster.com (a defendant who hid behind Whoisguard to avoid service) and an order permitting it to amend its complaint to name Hammy Media Ltd, owner of Xhamster, formally as the defendant.

The magistrate abused his discretion in granting leave to Xhamster to file the amicus brief. The magistrate had already granted the relief sought by Xhamster in the amicus brief. Xhamster asked the court to require the Plaintiff to name the proper party and dismiss against the improper party. By ordering Plaintiff to amend the complaint to name the proper party and drop the improper party from the complaint, it granted both requests. Allowing the filing of the amicus brief was thus unnecessary and was not within its proper discretion.

In support of its argument that the magistrate did not abuse his discretion, Xhamster urges that an amicus need not be totally disinterested, and that an amicus is not normally impartial. However, there is a difference between having some interest in the legal issues of a case (which is why an amicus files a brief) and having a vested personal or monetary interest in the outcome. It is on that basis that other district courts have refused to permit the filing of an amicus. *Picard v. Greiff*, --- F.Supp.2d ----, 2011 WL 2791279 (S.D.N.Y. 2011)(leave denied when petitioner was a party to another proceeding brought by plaintiff); *Sciotto v. Marple Newtown School Dist.*, 70 F.Supp.2d 553 (E.D. Pa. 1999)(where insurer had specific pecuniary interest in the defendant's perspective court would deny amicus standing).

The cases cited by Xhamster agree with Plaintiff's position. In *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), the court approved the US Department of Justice as an amicus in

2

inmate litigation, because "[t]here is no indication… that amicus controlled the litigation, or that the inmates were mere strawmen to confer standing so that amicus could litigate its views." In *Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F.Supp. 720, 728 (D. Md. 1996), the court did not feel the amicus had overstepped its role "as friend of the court, to become 'friends of the Plaintiff.'" Further, the court noted that the amicus had not enlarged the issues presented by the parties.

Here, on the other hand, Xhamster has presented the issues of the parties. Xhamster has gone further than merely arguing a legal position, to argue the peculiar facts of the case, and to present new facts to the court. Xhamster is clearly a friend of the defendant, and Xhamster's counsel on the record agreed to accept service *as the Defendant*. Xhamster so identified with the defendant that it called itself "defendant" and sought specific relief on behalf of the defendant, including dismissal of the case. This goes beyond merely being interested in one viewpoint or legal holding. Xhamster sought a specific outcome in the case to the benefit of Xhamster itself. This puts Xhamster in the position of a defendant, not an amicus. *City and County of Denver v. Denver Tramway Corp.*, 23 F.2d 287 (8th Cir. 1927). It was not appropriate for Xhamster to granted amicus status under these circumstances.

Xhamster also argues that it had no other means of attacking the entry of default in this action than to do so by filing an amicus brief. To intervene, it argued, would mean submitting to personal jurisdiction before this court. However, intervention was not the only method of raising the issues here. Rule 12(b), F.R.Civ.P. permits a party to file a motion to dismiss the case for insufficient process and lack of personal jurisdiction. The Eighth Circuit has held that a dismissal for failure to name the proper party is a dismissal for lack of jurisdiction. *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147 (8th Cir. 1981). Thus, Xhamster could have raised its challenges

3

by Rule 12(b)(2) Motion to Dismiss for lack of jurisdiction. It would not have waived the right to assert lack of personal jurisdiction. In the Eighth Circuit Court of Appeals, it is only when a party inserts itself in the litigation without asserting the lack of personal jurisdiction that wavier occurs. See *Alger v. Hayes*, 452 F.2d 841 (8th Cir.1972); *Yeldell v. Tutt*; 913 F.2d 533 (8th Cir. 1990). So long as a party does not "lie back, wait until the plaintiff has invested resources in preparing for suit in the plaintiff's chosen forum, wait perhaps to assess his prospects in that forum, and only then demand that the case start over elsewhere," he will not waive the defense that the court lacks personal jurisdiction over him. *First Bank Business Capital, Inc. v. Agriprocessors, Inc.*, 602 F.Supp.2d 1076, 1090 (N.D. Iowa 2009); See also *Yelldell v. Tutt*, *supra*.

There is no reason that Xhamster could not have filed a motion to dismiss to raise all the issues regarding whether it should be in this court. In truth, it was not that Xhamster was afraid of being subject to personal jurisdiction. Instead, it wanted to have its cake and eat it too – argue that the wrong party was named without actually entering the case and filing its motions to dismiss, including a motion that the court lacks personal jurisdiction over it.

The magistrate erred in granting leave for Xhamster to file an amicus brief <u>at the same time</u> it ordered amending the complaint to name Xhamster as a Defendant. It is clearly an interested party, one who has an agenda and seeks a specific outcome in the case that would benefit it. Xhamster was not a friend of the court, it was a friend of the defendant, and clearly was the intended defendant. This court should therefore reverse the magistrate's ruling granting Xhamster leave to file the amicus brief.

DATED: September 11, 2011

Respectfully submitted,

By:

/s/ Chad L. Belville
cbelville@azbar.org
Chad Belville, Attorney at Law
Attorney for Plaintiff
Iowa Bar # 015731

| | |
|---|---|
| Physical Address | 304 East Beth Drive<br>Phoenix, AZ 85042 |
| MAILING ADDRESS: | P.O. Box 17879<br>Phoenix, AZ 85066 |

Telephone: 602-904-5485
FAX: 602-297-6953
E-mail cbelville@azbar.org
ATTORNEY FOR PLAINTIFF

Certificate of Service

The undersigned certifies that this document was served on all interested parties at the addresses listed for ECF filing notification on the same date as filing.

/s/ Chad Belville