UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC,<br>　　　　　Plaintiff,<br>v.<br><br>Hammy Media, Ltd., d/b/a xHamster.com<br>www.xHamster.com,<br>John Does 1-100 and John Doe<br>Companies 1-100,<br>　　　　　Defendants. | Docket No. 11-3025-MWB |

**DEFENDANT HAMMY MEDIA, LTD.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**Table of Contents**

Facts.................................................................................................................. 1

　　　The Parties........................................................................................ 2
　　　The Intellectual Property................................................................. 5
　　　The DMCA Agent.............................................................................. 6

Argument............................................................................................................ 6

　　　I.　　The Complaint Must Be Dismissed Because xHamster is
　　　　　　Not Subject To Personal Jurisdiction In Iowa............................... 6

　　　II.　 The Complaint Must Be Dismissed Because Fraserside IP
　　　　　　Does Not Have Standing to Assert The Present Claims................12

　　　III.　The Complaint Must Be Dismissed Because Fraserside IP Has
　　　　　　Failed To Allege Facts That Would Take xHamster Out of the
　　　　　　Safe Harbor That It Enjoys Under the Digital Millennium
　　　　　　Copyright Act...................................................................................17

Conclusion........................................................................................................20

In its continuing campaign to avoid jurisdiction in the location where all of the parties-in-interest are actually located, Plaintiff Fraserside IP, LLC ("Fraserside IP"), a wholly-owned subsidiary of a Cyprus-based company, has brought the present action against Hammy Media Ltd. d/b/a xHamster ("xHamster"), a Cyprus, concerning intellectual property which remains registered to two Cyprus companies. Other than Fraserside IP itself – an entity apparently created for no other reason than to create jurisdiction where none actually exists – the parties and real parties in interest lack any ties to Iowa. In addition to the clear lack of personal jurisdiction over xHamster, public records continue to indicate that Fraserside IP is not the registered owner of the copyrights and trademarks which form the basis of the plaintiff's Complaint, but rather the copyrights are registered to Fraserside IP's Cypriot parent, Fraserside Holdings and a company owned by Fraserside Holdings, Milcap Media, Ltd.. Finally, Fraserside IP has failed to allege that it notified xHamster of any of the instances alleged infringement, a necessary step to defeat the safe harbor afforded to xHamster under the Digital Millennium Copyright Act ("DMCA").

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), Fraserside IP's Complaint should be dismissed in its entirety. In further support of this memorandum, xHamster states as follows.

## Facts

The following facts – derived from the allegations in Fraserside IP's Complaint and from

1

public records[1] – are accepted as true for the purposes of this motion:

The Parties

The Plaintiff, Fraserside IP, is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"), a Cyprus-based company. *See* Docket No. 7. xHamster, too, is a Cyprus-based company. Complaint, ¶2. xHamster has no offices in Iowa, no telephone number in Iowa, no employees in Iowa, no agent for service of process in Iowa, and it maintains no servers in Iowa. *See* Mardiros Haladjian Affidavit, attached as Exhibit 1.[2] xHamster does not advertise in Iowa and no xHamster officer or director has ever visited Iowa. *Id.*

According to public records from the United States Copyright Office, each and every one of the copyrighted works listed in Fraserside IP's complaint belongs not to Fraserside IP, but rather one of two Cyprian entities, Fraserside Holdings, Ltd. and Milcap Media, Ltd. (which is, in turn, owned by Fraserside Holdings). *See* Exhibit 2.

Fraserside Holdings, in turn, is a wholly owned subsidiary of Private Media Group, Inc., a publicly traded company incorporated in Nevada. *See* Exhibit 21 to Private Media Group, Inc.'s ("Private Media") Annual Report for the year ending December 31, 2010, filed with the

---

[1] Although a Court generally cannot look at materials outside of the Complaint in considering a Motion to Dismiss, it is well established in the Eight Circuit that the Court is permitted to consider, among other things, public records, court documents, governmental records, and documents which form the basis of the Plaintiff's Complaint, even if the Plaintiff has failed to attach such documents to the Complaint. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)(" the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint"); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(at the 12(b)(6) stage, the court may consider both "materials that are part of the public record" and "materials that are necessarily embraced by the complaint"; *Levy v. Ohl*, 477 U.S. 988, 991 (8th Cir. 2007)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Rakes v. Life Investors Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 52719, *8-9 (N.D. Iowa 2007)("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.") *See also Sioux Biochemical, Inc. v. Cargill, Inc.*, 410 F. Supp. 2d 785, 790-791 (N.D. Iowa 2005); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 663 (8th Cir. 2001); *Catholic Order v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1159-1160 (N.D. Iowa 2004). In this Circuit, considering such materials does not convert a motion to dismiss into a motion for summary judgment. *Levy v. Ohl*, 477 U.S. 988, 991 (8th Cir. 2007).

[2] Consideration of affidavits is appropriate in the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Armstrong v. Am. Pallet Leasing Inc.*, 2009 U.S. Dist. LEXIS 77138 (N.D. Iowa 2009); *Med-Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1319 (N.D. Iowa 1997).

Securities and Exchange Commission, and attached hereto as Exhibit 3. Although the Complaint pretends that Fraserside IP is the same as Fraserside Holdings and Private Media, in truth, each of these companies is a separate legal entity.[3]

Fraserside IP conducts no actual business – in Iowa or anywhere else – but rather appears to have been created for the sole purpose of judicial forum shopping. Indeed, in the first eleven months of its existence, Fraserside IP has filed <u>fifteen</u> different cases in this Court. (*Fraserside IP LLC v. Slutload, et al.*, 10-cv-03066-MWB; *Fraserside IP LLC v. xHamster Solutions Ltd, et al.*, 11-cv-03005-MWB; *Fraserside IP LLC v. IG Media Inc.*, 11-cv-03015-MWB; *Fraserside IP LLC v. Gens*, 3:11-cv-03019-MWB; *Fraserside IP LLC v. Gens*, 11-cv-03022-MWB; *Fraserside IP LLC v. WhoIsGuard, et al.*, 11-cv-03025-MWB*; Fraserside IP LLC v. Faragalla, et al.,* 11-cv-03032-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.*, 3:11-cv-03033-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.,* 11-cv-03034-MWB; *Fraserside IP LLC v. Kovalchuk*, 11-cv-03040-MWB, *Fraserside IP LLC v. Letyagin*, 11-cv-03041-MWB; *Fraserside IP LLC v. Olivero*, 11-cv-03042-MWB; *Fraserside IP LLC v. Waterweg,* 11-cv-03043-MWB; *Fraserside IP LLC v. Miller*, 11-cv-03047-MWB; *Fraserside IP LLC v. Contact Privacy*; 11-cv-03048-MWB.) None of the defendants in any of these actions are located in

---

[3] Fraserside IP's attempt to mislead the Court by ignoring its own corporate formalities is staggering in its brazenness. For example, although the Complaint refers to "Fraserside" as having conducted business since 1968 (Complaint, ¶5), this is patently untrue. If the Complaint intended to refer to Fraserside, IP, that entity was first created in October of 2010. *See* Secretary of State's records, attached at Exhibit 4. If the Complaint intended to refer to Fraserside Holdings, that entity was created in "the year ended December 31, 2000." *See* Exhibit 3, p. F-5, §1. Even if the Complaint intended to refer to Private Media, that entity was not incorporated until 1980 and, until 1998, Private Media Group was "a holding company with no operations." *Id.* In addition, the Complaint repeatedly refers to "Plaintiffs" (plural) even though there is only one "Plaintiff" (singular) in an attempt to confuse the Court as to the true owner of the copyrighted works at issue in this case.

Iowa.[4]

Fraserside Holdings, the actual registrant of the copyrighted works at issue in this case, is a Cyprus-based company which has consistently asserted in other judicial proceedings that it is not subject to jurisdiction anywhere in the United States. *See, e.g, Russell Whitaker, d/b/a C&B Videos, et al. v. MGA, Inc., et al.*, Middle District of Georgia, Civil Action No. 1:05-CV-00099-WLS, Motion to Dismiss the Complaint, Document 51, pp. 2-3 ("Plaintiff has not set forth any sufficient basis to support the proper exercise of personal jurisdiction over [Fraserside Holdings, Ltd. ("FHL")] FHL, a foreign corporation that is incorporated under the laws of, and has its principal place of business in, the country of Cyprus. …FHL does not own or lease any real estate in Georgia or the United States. …FHL does not have any employees in Georgia or the United States. …FHL does not ship any goods for sale to Georgia. The goods are distributed in the United States by distributors with whom FHL has contractual relationships"); *Holland v. MGA, Inc., et al.*,[5] Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Fraserside's Motion to Dismiss the Complaint, Docket No. 80, p. 6 ("Fraserside does not sell any goods in Alabama, and in fact, does not sell any goods in the United States. Its products are sold and distributed by third party distributors with independent contractual relationships. Fraserside has

---

[4] In reality, of course, the actual plaintiff-in-interest isn't located in Iowa either. Fraserside IP has made no secret of its intent to make the Northern District of Iowa the hub of pornography-related copyright suits, despite a wholesale lack of connection with this jurisdiction. *See, e.g.*, Exhibit 5 ("'We're not going to slow down,' [Private Media Group Spokesman Jason] Tucker said. 'We have five more [lawsuits] coming up and five more after that'") and Exhibit 6 ("Private attorney Chad Belville wasn't able to speak directly on the case; however, he said that more similar suits are in the works. 'We do have several more suits lined up for the next few weeks,' he told XBIZ.) There is little reason to imagine that this Court wants to expend its precious resources determining if a Cyprus-based defendant has maintained a website (outside of the United States) in which its users have posted videos which might violate the intellectual property rights of a Cyprus based real-party-in-interest plaintiff.

[5] In *Holland v. MGA, Inc., et al.*, Middle District of Alabama, Civil Action No. 1:05 CV 00237-M, Private Media Group's Chief Financial Officer, Johan Gillborg, filed an affidavit in an attempt to resist jurisdiction over Fraserside Holdings. *See* Document 79-1, attached hereto as Exhibit 4. In that affidavit, Mr. Gillborg noted that Fraserside Holdings was a Cyprus corporation, which did not own or lease any real estate in Alabama or the United States, and did not have any employees in Alabama or the United States. *Id.* In addition, Mr. Gillborg stated under oath that "Fraserside does not ship any goods for sale to Alabama. The goods are distributed in the United States by distributors with whom Fraserside has contractual relationships." *Id.*

4

no knowledge of what is done with its products within the United States.")  *See also Clark v. MGA, Inc., et al.,* Southern District of Alabama, Civil Action No. 2:05 CV 00633-SLB, Docket No. 33, p. 6 (same); *Carter v. MGA, Inc., et al.*, Northern District of Alabama, Civil Action No. 2:05 CV 01662-WMA, Docket No. 47, p. 9 (same).

<u>The Intellectual Property</u>

Although the Complaint alleges that the "Plaintiffs" own and have registered certain copyrights and trademarks, there are no "Plaintiffs," plural, but rather a singular Plaintiff, Fraserside IP, which – according to public records – has not registered a single copyright or trademark (and certainly not those at issue in the present litigation).

As documents from the United States Copyright Office demonstrate, each of the copyrighted works alleged to be registered by Fraserside IP is actually registered by either Fraserside Holdings or Milcap Media, Ltd, both of which are based in Cyprus.  *See* Exhibit 2.[6] And, as documents from the United States Patent and Trademark Office demonstrate, each of the trademarks alleged to be owned or registered by Fraserside IP is actually owned and registered by Cine Craft Ltd., a Private Media Group subsidiary located in the United Kingdom.  *See* Exhibit 7.

Searches of both the United States Copyright Office and United States Patent and Trademark Office indicate that Fraserside IP has registered no copyrights or trademarks.  *See* Exhibits 8 and 9.[7]

---

[6] Not surprisingly, Fraserside IP failed to attach to its complaint copies of the Copyright Registrations at issue, undoubtedly because the registrations demonstrate conclusively that Fraserside IP does not own the copyrights.  In any event, the failure to attach the Copyright Registrations is itself reason to dismiss the complaint.  *See*, *e.g.*, *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 188-9 (D.D.C. 2005)

[7] Although Fraserside IP has claimed (in other litigations pending in this Court) that Fraserside Holdings transferred its copyrights to Fraserside IP, there is no indication in the publically available government records to support this assertion.

5

Consistent with these public records, Fraserside Holdings has previously claimed in other cases – some of which are ongoing - ownership of many of the copyrighted works at issue in this case. *See, e.g.,* Fraserside Holdings, Ltd. v. Meta Interfaces, LLC, U.S.D.C. Northern District of California, Civil Action No. CV 10-3585 and Fraserside Holdings, Inc. v. XOnDemand, LLC, U.S.D.C. Central District of California, Civil Action No. CV10-5174. Indeed, the XOnDemand case remains active – with Fraserside Holdings having asserted ownership of the intellectual property – and with no substitution of Fraserside IP as the supposed new owner of the copyrights or suggestion to the Court there that Fraserside Holdings was no longer the holder of the intellectual property at issue in that case.

The DMCA Agent

xHamster has filed with the United States Copyright Office a proper Designation of Agent to Receive Notification of claimed infringement under the DMCA. A copy of this designation – which is part of the public record – is attached hereto as Exhibit 10. The Complaint contains no allegations that Fraserside IP (or the legitimate owner of the intellection property at issue in this case) ever sent a DMCA takedown notice to xHamster. Instead, Fraserside IP appears to be engaged not in any legitimate attempt to police intellectual property rights, but rather an elaborate attempt to extort settlements from defendants with ambush litigation alleging copyright violations of which the defendants had no proper notice.

**Argument**

I.      The Complaint Must Be Dismissed Because xHamster is Not Subject To Personal Jurisdiction in Iowa.

In its complaint, Fraserside IP cites – as the basis for personal jurisdiction over xHamster - 28 U.S.C. §§ 1391. *See* Complaint, ¶4. Section 1391, of course, has nothing to do with personal jurisdiction, or jurisdiction at all, but rather is the federal venue statute. Fraserside IP's

6

pleading deficiencies, however, go much further than a mere inability to cite to the correct authority: Fraserside IP has failed to articulate any facts or legal basis for the exercise of personal jurisdiction over xHamster.

Presumably, Fraserside IP intends to argue that jurisdiction over xHamster can be premised on Iowa's long arm statute. *See* Iowa Code § 617.3 and Iowa Rule of Civil Procedure 56.2. The Court "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994). Because Iowa's long arm statute extends jurisdiction to the limits of due process allowed by the United States Constitution, the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I)*, 22 F.3d 816, 818 (8th Cir. 1994).

The Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). This Circuit employs a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Factors one through three are primary. *Id.* "With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. 'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers

to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"[8] *Coen, supra* (citations omitted).

Given the complete absence of facts alleged upon which personal jurisdiction might be premised over xHamster, xHamster is left to guess as to the basis for jurisdiction over it. Presumably, Fraserside IP is arguing that the existence of xHamster's website – accessible anywhere in the free world – is a sufficient basis upon which jurisdiction may be based. Assuming that this is indeed Fraserside IP's argument, it must fail.

In analyzing whether specific jurisdiction can be based on the defendant having operated a website, the Eighth Circuit starts with the analytical framework laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). In *Zippo*, the Court outlined a sliding scale whereby the Court would determine if a website was passive, interactive, or one which involved entering into contracts and the repeated and knowing transmission of computer files into the foreign jurisdiction. *Id. See also Lakin v. Prudential Securities, Co.*, 348 F.3d 704, 710-12 (8th Cir. 2003); *Principal Financial Services, Inc. v. Big Finance and Insurance Services, Inc.*, 451 F. Supp. 2d 1046, 1056 (2006); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004).

In the Eighth Circuit, however, the Zippo test is but a starting point and the Court must also consider, "at a minimum… the nature and quality of the contacts and… their relation to the cause of action." *Lindgregn,* 312 F. Supp. 2d at 1130. Regardless of whether the website is interactive or not, the *Lindgregn* Court emphasized "that personal jurisdiction requires 'purposeful conduct directed at the state.'" *Id.* at 1131, *quoting ALS Scan, Inc. v. Digital Serv.*

---

[8] Given that xHamster has no offices or employees in Iowa, owns no property in Iowa, has no telephone number, pays no taxes, maintains no servers, and has no agent for service of process in Iowa, there can be no argument that it has the requisite "continuous and systematic" contacts with Iowa necessary to assert general jurisdiction. *See*, *e.g.*, *Johnson v. American Leather Specialties, Corp.*, 565 F. Supp. 2d 1015 (N.D. Iowa 2008).

Case 3:11-cv-03025-MWB   Document 34-1   Filed 09/19/11   Page 9 of 22

*Consult. Inc.,* 293 F.3d 707, 712-713 (4th Cir. 2002). *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011).

In rejecting the Plaintiff's argument that jurisdiction could be based solely on the defendant's website, the *Lindgren* Court stated that "while GDT's Web site is both commercial and interactive, the site is arguably no more directed at Iowa than at Uzbekistan." *Lindgren,* 312 F. Supp. 2d at 1132. "The fact that someone who accesses defendants' Web site can purchase a Jean Jewel, does not render defendants' actions purposefully directed at this forum. …There is no evidence that GDT took any purposeful action towards Iowa – it did not direct any paid advertising to Iowa or solicit Iowa residents to visit its Web site. It merely processed the orders from Iowa customers who visited its site. Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state." *Id.* (internal citations and quotation marks omitted).

In the present case, Fraserside IP's complaint falls woefully short – it contains no allegation that *any* resident of Iowa has either viewed or downloaded its intellectual property. Indeed, the Complaint does not even allege how many – if any – Iowa residents have visited xHamster's websites. And it certainly contains no allegation that xHamster has somehow directed its websites at Iowa.[9] Not only has Fraserside IP failed to allege contacts between xHamster and Iowa, then, but it has also failed to allege that such contacts form the basis of the present action – in other words, that individuals located in Iowa have viewed or downloaded

_____

[9] In its Complaint, Fraserside IP cites to the internet ranking site, Alexa.com, for the proposition that xHamster's website has many visitors. Not surprisingly, Fraserside IP does not actually provide the Court with the Alexa rankings, which contain substantially more information. Because it is referenced in the Complaint, it may be considered by the Court. The report for xHamster.com is attached hereto as Exhibit 11. As the Court can see, 79.4 of all of xHamster.com's traffic originates outside the United States. Based solely on United States population statistics, then, it would be expected that xHamster.com receives less than 0.22% of its traffic from Iowa. It can hardly be said that xHamster aims its websites at Iowa. (According to the 2010 United States census, the population of Iowa constitutes approximately one-percent (1%) of the entire population of the United States.)

9

content that infringes upon the plaintiff's intellectual property.[10]  Such a glaring omission is fatal to an assertion of jurisdiction over xHamster.

Nor can personal jurisdiction be premised on the allegation that infringement of Fraserside IP's intellectual property (if it had any, which it does not) would cause injury in Iowa. *Amerus Group Co. v. Ameris Bancorp.*, 2006 U.S. Dist. 32722 (S.D. Iowa 2006)(in answering "the question of whether, standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist.  This Court holds it cannot. …*Calder*[11] did not carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.")  *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011) ("Although the Court accepts as true Plaintiff's allegations that Defendant intentionally infringed Plaintiff's registered trademark, this allegation alone fails to show how Defendant uniquely or expressly aimed its tortious acts at Iowa. …Thus, Plaintiff has failed to demonstrate that Defendant's acts were performed for the very purpose of having their consequences felt in the forum state")(internal quotation marks and citations omitted); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004)(In holding that personal jurisdiction could not be based on the defendants' website, which the plaintiff alleged violated the plaintiff's copyrights, causing harm in Iowa, the Court noted that "the Eight Circuit clearly has refused to abandon the traditional minimum contacts test when relying on *Calder*. …although the defendants' alleged harmful activities may have harmed the plaintiff in Iowa, absent additional contacts, this effect alone was not sufficient to bestow personal jurisdiction in Iowa.")

---

[10] Indeed, the Complaint does not even directly allege that any infringing conduct occurred in the United States, a defect which – by rights – should deprive the Court of subject matter jurisdiction as well.  *See, e.g., Shropshire v. Elmo Publishing*, 2011 U.S. Dist. Lexis 4025, *8 (N.D. Cal. 2011)("It is an undisputed axiom that United States copyright law has no extraterritorial application.")
[11] *Calder v. Jones*, 465 U.S. 783 (1984).

10

Nor has Fraserside IP alleged that xHamster has taken intentional actions which were "uniquely or expressly aimed at" Iowa, that the brunt of the harm was suffered in Iowa, or that Youngtek knew that the brunt of the harm would be suffered in Iowa. Youngtek's website are no more "aimed at Iowa" than they are named at New York, Madrid, Hong Kong, or any other place in the world where the internet is available. Nor is there any way that xHamster could have known that the brunt of the harm would be felt in Iowa, given that all of the copyrights and trademarks at issue continue to be registered not to Fraserside IP, but rather Fraserside Holdings, Ltd. (a Cyprus Corporation), Milcap Media, Ltd. (a Cyprus Corporation), and Cine Craft, Ltd. (a UK Corporation).

And, indeed, under Eighth Circuit precedent, even if Fraserside IP could prove that xHamster knew that the brunt of the effects would be felt in Iowa (which it clearly cannot), such "effects" would be insufficient without more to establish jurisdiction over xHamster. *Zuffa, LLC v. Showtime Networks, Inc.*, 2007 U.S. Dist. LEXIS 60711 (D. Nev. 2007)(knowledge that copyright holder was located within the jurisdiction "by itself fails to establish that Showtime and ProElite individually targeted Plaintiff"); *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006)(discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs., 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006)*("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011)("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts

11

owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it.")[12]

Finally, even if this Court could somehow exercise personal jurisdiction over xHamster, it should decline to do so for reasons of forum non conveniens.  It is inconceivable why this Court would want to entertain an action which is, in reality, between three Cyprian companies (Fraserside Holdings, Milcap Media, and xHamster), simply because the Plaintiff has purchased the equivalent of a mail drop in Iowa for the sole purpose of making the Northern District of Iowa the hub for pornography-related copyright claims.  Because there is no personal jurisdiction over xHamster, the present action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

>    II.    The Complaint Must Be Dismissed Because Fraserside IP Does Not Have Standing to Assert The Present Claims.

Pursuant to Section 501(b) of the 1976 Copyright Act, 17 U.S.C. § 101, et seq., (the "Act") only the legal or beneficial owner of an exclusive right under copyright law is entitled, or has standing, to sue for infringement.  *United States v. Chalupnik*, 514 F.3d 748, 753 (8th Cir. 2008)("copyright law generally limits standing to seek a civil remedy for copyright infringement to the owner of the copyright or to a person who holds an exclusive license to one of the owner's exclusive rights in the copyrighted work").  *See also Benchmark Homes, Inc. v.*

---

[12] The Express Scripts case is particularly on point.  There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question.  Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10.  Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here.  Its contacts are simply too limited."  The Court went on to hold that "the Eighth Circuit has narrowly construed the Calder effects test, holding that 'mere effects in the forum state are insufficient to confer personal jurisdiction.'"  Id. at *10-11, citing Johnson, supra.  "Instead, plaintiff must present some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. ...Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here."  Id. at 12.

12

*Legacy Home Builders, LLC*, 2006 U.S. Dist. LEXIS 53879 (D. Neb. 2006)("The right to sue for an accrued claim for infringement is not an exclusive right... Because Benchmark did not own any substantive rights in copyright that would allow it to file a copyright infringement claim under §501(b), Benchmark lacked standing when the action was filed"); *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881, 884 (9th Cir. 2005)("only the owner of an exclusive right under the copyright is entitled to sue for infringement"); *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27 (2d Cir. 1982). *See also ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) (citing *Eden Toys*, "the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.") *See also Order of Dismissal, Righthaven LLC v. Democratic Underground, LLC*, Civil Action No. 2:10-cv-01356, Docket No. 116 (D. Nev. 2011).

While it is true that the exclusive rights under copyright law may be transferred and owned separately, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights. *Silvers,* 402 F.3d 881 at 884-85. Since the right to sue is not one of the exclusive rights, transfer solely of the right to sue does not confer standing on the assignee. *Id*. at 890. One can only obtain a right to sue on a copyright if the party also obtains one of the exclusive rights in the copyright. *See id*.

The Complaint contains no specific allegation that any rights have actually been transferred to Fraserside IP and both public records and Fraserside Holdings' representations in other courts suggest that no such assignment actually occurred. Indeed, as the above recitation of facts makes clear, the Complaint is little more than an attempt to mislead the Court with imprecise pronouns into believing that Fraserside IP is the registered owner of intellectual property that it has not registered. Throughout its Complaint, the Plaintiff consistently attempts

13

to confuse various corporate entities, referring at times to "Plaintiffs" (plural), even though there is only one "Plaintiff" (singular). This is not accidental. Similarly, Fraserside IP's repeated assertions that it "has expended considerable effort and expense in promoting its trademarks" and that it "has produced in excess of 1,000 full-length adults-only or adult-oriented audio-visual works and holds over 75 United States copyrights for its works" are simply not true. Although Fraserside's parent corporations and related subsidiaries *may* (or may not) have done so, there is no question but that Fraserside IP – the only named plaintiff in this case – did not. Fraserside's attempts to portray otherwise appears to be nothing more than an attempt to create jurisdiction in a location where none exists, over claims that Fraserside does not have standing to raise.

Fraserside IP's trademark claims similarly fail. Fraserside IP is not the registrant of the trademarks at issue, nor is Fraserside Holdings. Rather, the trademark registrant is Cine Craft, Ltd., a foreign subsidiary of Private Media Group. Because Fraserside IP is not the registrant of the trademarks at issue, it cannot bring claims for trademark infringement. *Coyne's & Co. v. Enesco, LLC*, 565 F. Supp. 2d 1027 (D. Minn. 2008)("a party does not have standing to bring a trademark infringement claim unless it is the owner or, under certain circumstances, the exclusive licensee for that trademark"); *Experian Mktg. Solutions, Inc. v. U.S. Data Corp.,* 2009 U.S. Dist. LEXIS 82075 (D. Neb. 2009)("Section 1114 creates a cause of action only for 'registrants' of a trademark.")[13]

---

[13] Although the term "registrant" includes the legal representative, predecessors, successors, and assigns of the registrant (15 U.S.C., §1127), there is no allegation in the complaint that Fraserside IP qualifies as the legal representative, predecessor, successor, or assignee of Cine Craft, Ltd. Additionally, it bears noting that the term "legal representative" under the statute is a very limited one, referring only to "one who appears on behalf of a party *who is unable or incapable of do so*, for example by a guardian of a minor or administrator." *Krasnyi Oktyabr, Inc. v. Trilini Imports*, 578 F. Supp. 2d 455, 464 (E.D.N.Y. 2008)(emphasis in original); *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1255 (E.D. Wash. 2004)("a novel construction of the term would be inconsistent with the obvious intention to limit trademark infringement suits to those have or had ownership interests in the trademark and the historically restrictive interpretation given to 'registrant.'")

Even assuming that Cine Craft, Ltd. has attempted to assign to Fraserside IP the ability to sue for trademark infringement, such an attempted assignment would be without effect. *International Society for Krishna Consciousness of Western Penn., Inc. v. Stadium Authority of the City of Pittsburgh*, 479 F. Supp. 792 , 797 (W.D. Pa. 1979)("There are no rights in a trademark alone, and 'no rights can be transferred apart from the business with which the mark is associated'"); *Multimin USA, Inc. v. Walco International, Inc.,* 2007 U.S. Dist. LEXIS 41801 (N.D. Tex. 2007)(holding that only the registrant or owner of a trademark has standing to sue and rejecting a licensee's right – other than an exclusive licensee - to bring an action); *Quabaug Rubber Company v. Fabiano Shoe Company, Inc.*, 567 F.2d 154, 159 (1st Cir. 1977)("The pertinent portion of the Lanham Act relating to trademark infringement actions provides that an infringer 'shall be liable in a civil action by the *registrant* for the remedies provided hereunder.")(emphasis in original) *See also Agrashell, Inc. v. Hammons Products Co.,* 352 F.2d 443, 446 (8th Cir. 1965)("The fact that the agreement gives Agrashell a right to sue in its own name is without significance. Ownership of the patent[14] is a requisite to the right to sue for infringement").[15]

Directly on-point is *Visa U.S.A., Inc. v. First Data Resources,* 2005 U.S. Dist. LEXIS 37276 (N.D. Cal. 2005), a trademark infringement case brought under the Lanham Act. There, the plaintiff, VISA U.S.A., asserted that it had "standing to sue on VISA International's trademarks because it is a licensee of the VISA Marks, is responsible for monitoring compliance

---

[14] Although *Agrashell* was a patent case, courts have found patent cases and trademark cases sufficiently similar to be instructive with respect to one another. *See, e.g., International Society for Krishna Consciousness, supra.*

[15] Additionally, any purported assignment of Cine Craft Ltd.'s trademarks to Fraserside IP would be invalid, given that no such assignment has been recorded with the USPTO. *International Society for Krishna Consciousness, supra,* at 797 ("Assignment of trademark rights is carefully circumscribed by statute, complete with writing and recording requirements.") *citing* 15 U.S.C. §1060, which provides, in relevant part, that "Assignments shall be by instruments in writing duly executed. Acknowledgement shall be prima facie evidence of the execution of an assignment and when recorded in the Patent Office the record shall be prima facie evidence of execution."

with the marks in the United States, and is a close corporate affiliate of Visa International." *Id.*

at *9. The Court flatly rejected VISA's argument:

> Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), creates a cause of action for a trademark "registrant" when a defendant uses a registered trademark without consent. Section 32 permits standing to sue for trademark infringement by the registrant of the mark, which, by statute, includes the legal representatives, predecessors, successors, and assigns of the registrant. 15 U.S.C. § 1127. Assignment of trademark rights is carefully circumscribed by statute, complete with writing and recording requirements.

> …Here, Visa, U.S.A. maintains that it has standing to sue First Data on the basis that it is a licensee of the VISA Marks, it monitors compliance with the marks in the United States, and is a close corporate affiliate of the registrant, Visa International. (Opp. Br. at 1.) As a matter of law, such status is insufficient to afford Visa, U.S.A. standing to sue under Section 32. Visa, U.S.A. cannot maintain standing as a licensee because it does not operate as an exclusive licensee with sufficient property rights in the mark. Further, its claims of responsibility for monitoring the mark and its status as a close corporate affiliate with the registrant do not confer standing under Section 32.

*Id.* at *9-10.

The same holds true here. Although Fraserside IP may allege (it has not actually bothered to do so in this case, although it has made such a claim in other litigations filed in this Court), that it has been assigned some rights by Fraserside Holdings and/or Cine Craft, Ltd., which purports to allow it to protect the intellectual property rights of those entities in the United States, such an assignment (assuming it is a valid assignment), is insufficient to confer standing on Fraserside IP, if it does not confer all of the intellectual property rights to Fraserside IP. And, any such an assertion would be inconsistent with the representations made by Fraserside Holdings in the XOnDemand case. Nor is there any allegation that Fraserside IP is using the trademark in trade or commerce. Because the incontrovertible evidence, based on public records, demonstrates that Fraserside IP is not the registrant or owner of either the copyrights or trademarks at issue in this case, Fraserside IP does not have standing to maintain the present action and it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

III.    The Complaint Must Be Dismissed Because Fraserside IP Has Failed
        To Allege Facts That Would Take xHamster Out of the Safe Harbor
        That It Enjoys Under the Digital Millennium Copyright Act.

Pursuant to 17 U.S.C. §512(c), xHamster is entitled to "safe harbor" from actions such as the present one because it has, at all relevant times, maintained a DMCA agent for service of takedown notices and responded expeditiously to all properly submitted takedown notices.  In short, providers such as xHamster are immune from suits for damages for copyright infringement by its users if certain conditions are met – such as the provider having appointed a DMCA agent that responds expeditiously to those properly issued takedown notices that it receives.  Under the DMCA, a service provider must have actual or "red flag" knowledge of specific infringing content being stored on its service and fail to "take down" or remove the content before it can be liable for infringements by its users.  The DMCA safe harbors are not conditioned upon the service provider "affirmatively seeking facts indicating infringing activity." 17 U.S.C. § 512(m)(1).  Instead, "[t]he DMCA notification procedures place the burden of policing copyright infringement - identifying the potentially infringing material and adequately documenting infringement - squarely on the owners of the copyright . . . ."  *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007).

Shockingly absent from Fraserside IP's complaint, however, is a single allegation that it ever issued a takedown notice to xHamster (proper or otherwise) or that it otherwise put xHamster on notice that it believed its copyrights were being violated.  In the absence of such allegations, Fraserside's Complaint must, as a matter of law, fail in its entirety.  *See, e.g., Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 499 (E.D. Pa. 2006)(the plaintiff's failure "to allege that Google had requisite knowledge of a third party's infringing activity… is fatal to this claim.")

17

To the contrary, Fraserside IP appears to concede that it never sent the required takedown notices, arguing instead that it should have been obvious to xHamster that its site contained allegedly infringing materials. Complaint, ¶43. This argument, too, fails as a matter of law. *See*, *e.g.*, *Viacom Int'l, Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514, 525 (S.D.N.Y. 2010)("if a service provider knows (from notice from the owner, or a 'red flag') of specific instances of infringement, the provider must promptly remove the infringing material. If not, the burden is on the owner to identify the infringement. General knowledge that infringement is 'ubiquitous' does not impose a duty on the service provider to monitor or search its service for infringements"); *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1113 (9th Cir. 2007)("the DMCA notification procedures place the burden of policing copyright infringement--identifying the potentially infringing material and adequately documenting infringement--squarely on the owners of the copyright. We decline to shift a substantial burden from the copyright owner to the provider"); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1107-08 (W.D. Wash. 2004)("the issue is not whether Amazon had a general awareness that a particular type of item may be easily infringed. The issue is whether Amazon actually knew that specific zShops vendors were selling items that infringed Corbis copyrights" ... plaintiff's "decision to forego the DMCA notice provisions . . . stripped it of the most powerful evidence of a service provider's knowledge--actual notice of infringement from the copyright holder…"); *Tiffany Inc. v. eBay, Inc.,* 600 F.3d 93, 107 (2d Cir. 2010)("a service provider must have more than a general knowledge or reason to know that its service is being used to sell counterfeit goods. Some contemporary knowledge of which particular listings are infringing or will infringe in the future is necessary"); *UMG Recordings, Inc. v. Veoh Networks, Inc.*, 665 F. Supp. 2d 1099, 1108-1109 (C.D. Cal. 2009)("If merely hosting user-contributed material capable of copyright protection were enough to impute

18

actual knowledge to a service provider, the section 512(c) safe harbor would be a dead letter because vast portions of content on the internet are eligible for copyright protection. UMG's theory would also make the DMCA's notice-and-takedown provisions completely superfluous because any service provider that hosted copyrighted material would be disqualified from the section 512(c) safe harbor regardless of whether the copyright holder gave notice or whether the service provider otherwise acquired actual or constructive knowledge of specific infringements.")

Here, too, Fraserside IP's has failed to allege that it complied with the requirements of the DMCA or that xHamster had actual knowledge concerning materials that infringed upon its intellectual property (if it had any). Accordingly, Fraserside IP has failed to allege a claim upon which relief may be granted and its complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## Conclusion

For the reasons stated herein, xHamster respectfully requests that Fraserside IP's

Complaint be dismissed in its entirety.

<div style="margin-left: 50%;">

Respectfully submitted,
xHamster Solutions, Ltd.
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt                AT0000497
Jennifer E. Rinden        AT0006606
          for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:        (319) 365-9461
FAX:          (319) 365-8564
jer@shuttleworthlaw.com

</div>

<u>ECF CERTIFICATE OF SERVICE</u>

I, Evan Fray-Witzer, hereby certify that on September 19, 2011, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.


/s/ Evan Fray-Witzer