**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP L.L.C., an Iowa Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>HAMMY MEDIA, LTD. d/b/a Xhamster.com and www.xhamster.com and JOHN DOES 1-100 AND JOHN DOE COMPANIES 1-100,<br><br>    Defendants. | No. C11-3025-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPEAL OF MAGISTRATE'S ORDER GRANTING XHAMSTER.COM LEAVE TO FILE AMICUS BRIEF** |

_____

This case is before the court on plaintiff Fraserside IP L.L.C.'s (Fraserside") Appeal of Magistrate Order Granting XHamster.com Leave to file Amicus Brief (docket no. 29). On August 25, 2011, Chief United States Magistrate Judge Paul A. Zoss granted xhamster.com's Motion For Leave to File An Amicus Brief. Judge Zoss further ordered Fraserside to file an amended complaint naming xHamster.com as a defendant in this case. On August 29, 2011, Fraserside filed an amended complaint naming x-Hamster.com as a proper defendant. On August 31, 2011, plaintiff Fraserside appealed only that portion of Judge Zoss's order granting XHamster.com leave to file an amicus brief. Fraserside argues that xHamster.com should not have been permitted to file an amicus brief because it was not a "neutral" party to this litigation.[1]

---

[1] XHamster.com was only named as party to this litigation after Judge Zoss's order.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge in the case must consider timely objections [to a magistrate judge's ruling on nondispositive matters] and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Here, I find that Judge Zoss's granting XHamster.com leave to file an amicus brief is neither clearly erroneous nor contrary to law. A court has "broad discretion" in determining whether to permit a party to participate in a lawsuit as amicus curiae. *See National Organization for Women, Inc. v. Scheidler,* 223 F.3d 615, 616 (7th Cir. 2000); *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991) (citing *Northern Sec. Co., v. United States* 191 U.S. 555, 555-56 (1903)); *Gerritsen v. de la Madrid Hurtado,* 819 F.2d 1511, 1514 (9th Cir. 1987); *Strasser v. Doorley,* 432 F.2d 567, 569 (1st Cir. 1970); *Nat'l Ass'n of Home Builders v. United States Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C.2007). The filing of an amicus brief should be permitted if it will assist the judge "by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Telephone Co.,* 339 F.3d 542, 545 (7th Cir. 2003); see *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063 (7th Cir. 1997) ( "An *amicus* brief should normally be allowed when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all." *Ryan v. Commodity Futures Trading Comm.,* 125 F.3d 1062, 1063 (7th Cir. 1997). This is precisely the situation which confronted Judge Zoss. Consequently, I deny Fraserside's appeal and affirm Judge Zoss's ruling.

**IT IS SO ORDERED.**

**DATED** this 4th day of October, 2011.

                                                    MARK W. BENNETT
                                                    U. S. DISTRICT COURT JUDGE
                                                    NORTHERN DISTRICT OF IOWA