UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Hammy Media, Ltd., d/b/a xHamster.com ) | Docket No. 11-3025-MWB |
| www.xHamster.com, ) | |
| John Does 1-100 and John Doe ) | |
| Companies 1-100, ) | |
| Defendants. ) | |

# DEFENDANT HAMMY MEDIA, LTD.'S REPLY
# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

In its original Memorandum of Law in Support of Motion to Dismiss, Defendant Hammy Media, Ltd. d/b/a xHamster.com ("xHamster") argued that its motion should be allowed because (among other reasons), the Plaintiff was not the legitimate owner or registrant of the intellectual property at issue in the present action. In response, Fraserside IP claimed that Fraserside Holdings had, purportedly, assigned to it all past and present rights to the intellectual property (including all right concerning past infringements), "rendering [xHamster's] arguments based upon changed circumstances invalid. **In direct contradiction of this claim, however, on <u>October 18, 2011,</u> in a case pending in the Central District of California, Fraserside Holdings submitted sworn statements and pleadings asserting that *it* continued to own the intellectual property supposedly transferred.** Additionally, at the time the alleged transfer was made, Fraserside Holdings (as a subsidiary of Private Media Group) was subject to a Restraining Order (and Preliminary Injunction) preventing it from transferring any assets outside of the ordinary course of business, likely rendering the purported transfers *void ab initio*. Finally, Fraserside IP, LLC and

1

Fraserside Holdings have both been placed under the control of a receiver by order of a Nevada Court. Despite this order, however, counsel for the receiver states that the receiver is unaware of the present litigation. As such, Fraserside IP appears to be proceeding with this litigation without proper authority to do so. In further support of this reply, xHamster states as follows.

## Argument

### A. Fraserside Holdings Continues To Assert That It Is The Owner Of The Intellectual Property Allegedly Transferred.

On or about July 14, 2010, Fraserside Holdings initiated an action in the Central District of California against XonDemand, captioned *Fraserside Holdings, Ltd. v. XOD, LLC*, CV10-5174-GW (the "XOD Litigation"). In that action, Fraserside Holdings asserted copyright ownership over (among others) the following titles: *Gladiator, Millionaire, Beauties in the Tropix, Coming of Age,* and *Gladiator III.* Fraserside IP has asserted ownership of each of these titles in the present litigation and, in its Resistance, has claimed that the copyrights to each of these titles was transferred to it from Fraserside Holdings.

In the XOD Litigation, Fraserside Holdings also asserted ownership over the trademarks Private (Registration No. 1014957), Private Gold (Registration No. 3188677), and the image of two female figures (Registration No. 3389749). Fraserside IP has asserted ownership over these trademarks in the present litigation and, in its Resistance, has claimed that these trademarks were was transferred to it from Fraserside Holdings.[1]

In direct contrast to the representations that Fraserside IP has made to this Court, however, Fraserside Holdings represented that*, as of October 18, 2011,* the copyrights and trademarks

---

[1] In addition, in the XOD Litigation, Fraserside Holdings asserted copyright ownership over the following titles: *A Taste of Pleasure; Anal Freedom; Artcore; Gladiator II; Private Fetish Machine – The Fetish Garden; Private Stories No. 14 – Sex Dream; Private Stories No. 15 – Forest Nymph; Private Stories No. 9 – Blue Girls; Private Story of Bobbi Eden; Private Story of Sarah O'Neal; Sex & Revenge; Sex & Revenge 2; Sex Lies & Internet; Sex Rebels; Sex, Lust & Video; Total Desire; XXX – Chain Reaction; XXX 08; XXX 09; XXX 18; XXX No. 10; XXX No. 11;* and *XXX No. 15.* In documents submitted to this Court in connection with its Resistance, Fraserside IP has claimed that the copyright to each of these titles was transferred to it from Fraserside Holdings.

continued to be owned by Fraserside Holdings. Indeed, with respect to each of the copyrights detailed above (all of which Fraserside IP claims to own), Fraserside Holdings has claimed, under oath, to be the rightful owner. More specifically:

1. In the XonDemand Litigation, Fraserside *Holdings* is the only plaintiff. Fraserside *IP* is neither named as a party nor identified in Fraserside Holdings' Certification and Notice of Interested Parties. *See* Exhibit 1. In that document, Fraserside Holdings identifies its parent, Private Media Group, Inc. as the only entity with "a direct pecuniary interest in the outcome of this case." *Id.* Fraserside Holdings never amended this Certification to name Fraserside IP as having any interest in the outcome of the litigation.

2. On **October 18, 2011**, Fraserside Holdings filed a motion for default judgment in the XonDemand Litigation. *See* Exhibit 2. In that motion, Fraserside Holdings stated that "it is well settled that, 'to prevail on a claim of copyright infringement, the Plaintiff must demonstrate both (1) the ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Id.* at p.3 (citations omitted).

3. Fraserside Holdings (which defined itself in the motion as "Fraserside"), went on to assert that "The facts in the instant matter are absolutely clear. ...Fraserside owns the copyrights and trademarks in those materials and has registered them with the United States Copyright Office. See Dkt. No.1, Complaint, showing copyright certificate numbers of Plaintiffs copyrighted intellectual property." *See* Exhibit 2, pp. 2-3.

4. *Fraserside Holdings* next unequivocally asserted that, as of the date of filing, **October 18, 2011,** it was the rightful trademark, copyright and intellectual property owner of the copyrights and intellectual property that is the basis for this XonDemand Litigation. *Id* at 8.

5. In addition, Fraserside submitted the sworn declaration of Jason Tucker, who identifies himself in the declaration as the "Enforcement Officer for Plaintiff Fraserside Holdings,

3

Ltd." *See* Exhibit 3, p. 2. In that declaration, Mr. Tucker avers that "at all times relevant Fraserside is the rightful trademark, copyright and intellectual property owner" for the intellectual property that forms the basis of that action. *Id.*

Despite these unequivocal sworn statements made by Fraserside Holdings (the Cyprus entity which had always been the owner of the intellectual property before Fraserside IP was created to manufacture jurisdiction in Iowa), Fraserside IP insists in *this* Court that it is the assignee of all of Fraserside Holdings' intellectual property, including all rights to litigate prior infringements. Ironically, to support its assertions, Fraserside IP provides the Court with correspondence between the United States Patent and Trademark Office and Jason Tucker (now conveniently identified as the authorized representative of Fraserside IP) and purported transfer documents, the accuracy of which is sworn to by Jason Tucker.[2]

Fraserside IP has sought to resist xHamster's Motion to Dismiss, claiming "changed circumstances," but circumstances have not changed. Fraserside Holdings – the Cyprus entity – continues to be the real owner of the intellectual property at issue in this case and the Court need look no further than Fraserside Holdings' own sworn statements to make that determination.

> B. **The Purported Transfers Appear to Violate Court Orders And The Plaintiff Appears To Be Litigating The Present Case Without The Knowledge of Its Court-Appointed Receiver.**

On August 13, 2010, in an action pending in the Clark County District Court of Nevada, entitled *Consipio Holding, BV v. Private Media Group, Inc.*, Case No. A-10-622802-B, the Court issued a temporary restraining order against Private, enjoining Private and its subsidiaries and affiliates from (among other things), "...disposing of any business assets (outside of the ordinary course of business" or "...undertaking any other act or transaction that is not in the ordinary course

---

[2] To add an additional layer of irony, Mr. Tucker declares under the pains and penalties of perjury that the documents submitted to the Court in this matter are true and accurate copies of the transfer documents. Oddly, though, the documents are not the same purported transfer documents that were submitted to this Court by Fraserside IP in *Fraserside IP v. Youngtek*.

4

of business, without the prior approval of a majority of the disinterested members of the Board of Directors...." *See*, Exhibit 4. On November 17, 2010, this Temporary Restraining Order was continued by the Court as a Preliminary Injunction. *See*, Exhibit 5.

On August 25, 2011, after finding that Private's directors were both ignoring the orders of the court and attempting to dissipate its assets, that same Court appointed a receiver, Mr. Eric Johnson, to take over the management of Private and all of its subsidiaries and affiliates. *See*, Exhibit 6. In its order, the Court first found, among other things that. "throughout the course of this lawsuit, PRVT has demonstrated a propensity for disregarding or resisting clear and unambiguous orders of the Court, and that "the appointment of a receiver over PRVT is necessary to preserve its remaining assets and business and to protect its shareholders."

The Court then ordered that Mr. Johnson "shall immediately take control of all assets of PRVT including, without limitation, all direct and indirect subsidiaries of PRVT (including those entities named below) and their respective assets." *Id.* The listed entities included Fraserside IP, LLC, Fraserside Holdings, Ltd., Milcap Media Group, S.L.U., and Cine Craft, Ltd. *Id.*

Despite the appointment of Mr. Johnson as receiver, Private, its directors, its subsidiaries, and affiliates have apparently acted to obstruct the receiver by blocking him from access to corporate offices and attempting to transfer Private's assets out of the company. *See, e.g.,* Exhibits 7, 8, and 9. And, when contacted by counsel for the Defendants in the present case, counsel for the receiver, Attorney Thomas Kummer, stated that the receiver was unaware of: (1) the existence of any of the cases brought by Fraserside IP, currently pending in this court, (2) who was purporting to represent Fraserside IP (and pursuant to whose authority), and (3) the purported transfer of intellectual property to Fraserside IP. *See* Affidavit of Evan Fray-Witzer, attached as Exhibit 10. As such, it appears that Fraserside IP may be pursuing the present litigation without the support or approval of its court-appointed receiver.

**Conclusion**

For the reasons stated herein and in xHamster's primary memorandum in support of its Motion to Dismiss, xHamster respectfully requests that Fraserside IP's Complaint be dismissed in its entirety.

Respectfully submitted,

Hammy Media, Ltd. d/b/a xHamster.com
By its attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
 (617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt            AT0000497
Jennifer E. Rinden    AT0006606
       for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:      (319) 365-8564
jer@shuttleworthlaw.com

<u>ECF CERTIFICATE OF SERVICE</u>

  I, Evan Fray-Witzer, hereby certify that on November 5, 2011, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5. In addition, a copy of the above document was served by email on Thomas Kummer, Esq., counsel for the receiver of Fraserside IP, LLC.

             <u>/s/ Evan Fray-Witzer</u>