PHIL GREEN
GREEN & GREEN
1000 4th Street
Penthouse Suite 875
San Rafael, CA 94901
phil@greenandgreen.com

SPENCER D. FREEMAN (pro hac pending)
FREEMAN LAW FIRM, INC.
2104 N. 30th St.
Tacoma, WA 98403
(253) 383-4500
sfreeman@freemanlawfirm.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRASERSIDE HOLDINGS, LTD., a foreign limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>XOD LLC, a Delaware corporation, d/b/a XonDemand, xondemand.com<br><br>Defendant. | Case No.: 2:2010-cv-05174<br><br>**Hon. John A. Kronstadt**<br><br><br>DECLARATION OF JASON TUCKER |

I, Jason Tucker, under penalty of perjury, declare and state as follows:

1. I am over the age of 18 years old, make this declaration based upon personal knowledge and, if called to testify could and would testify competently to the facts set forth herein.

DECLARATION OF JASON TUCKER  - 1

2. I am a consultant and the Enforcement Officer for Plaintiff Fraserside Holdings, Ltd. In such role, I have made myself familiar with the corporate structure of Fraserside, its parent company, sibling companies, and related entities.

3. I have made myself familiar with the company methods, procedures, production and ownership of copyrighted materials.

4. I have been involved in the industry of legal adult erotic entertainment production, marketing and management at an executive level for over ten (10) years serving for over six years as President of a company that owns and licenses one of the world's largest erotic libraries of images.

5. I have reviewed the evidence if infringements committed by XOD LLC, which are outlined in the Complaint in this matter.

6. I am personally aware of the production, marketing and distribution methods utilized by Fraserside, its parent companies and sibling companies, and can attest to the facts that Plaintiff expends great sums of money to create detailed story lines; film in exotic locations; construct detailed and intricate sets; employ very talented writers, directors, actors, and editors; use the highest quality production equipment; and far exceed the production value of typical adult erotic entertainment.

7. At all times relevant Fraserside is the rightful trademark, copyright and intellectual property owner and/or successor in interest of the United States trademarks, copyrights, and intellectual property that is the basis for this action. The parent company Private Media Group Inc., a Nevada company (PRVT on NASDAQ), is one of the world's leading producers of high quality brand driven adult motion picture films

8. Fraserside, commonly and commercially known as "Private", has been producing legal adult entertainment since 1968, from print magazines and movie reels to VHS to DVD to online digital download and streaming. Private is one of the

oldest and most recognized high quality producers of adult erotica, and is considered the largest European distributor of adult material in Europe.

9. Fraserside has always used high-quality equipment, including state of the art cameras, lighting, and editing and reproduction equipment. Fraserside employs experienced writers, directors, cinematographers, photographers and editors and films in exotic locations. It has grown to a multinational, publicly traded and socially responsible company that produces high-quality product under premium brands.

10. Fraserside's' highly sought after intellectual property is distributed on a wide range of platforms including mobile handsets via 104 network operators in 45 countries, digital TV via 38 platforms in 24 countries, broadband Internet, television broadcasting including its own South American cable channel in a venture with world famous Playboy™ and sold on DVD's, on demand and through subscription based web properties.

11. Fraserside has protected its trade names such as PRIVATE and PRIVATE GOLD through United States trademark and service mark registrations and its films through United States copyright registration. Beginning in 1975, Fraserside further protected its intellectual property through registration in more than 25 countries including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, Hong Kong, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

12. Fraserside, directly or through its assigns are producers, distributors, and/or exclusive licensors of motion pictures in the United States. Plaintiff through their assigns are engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion

pictures and/or other audio visual works. Fraserside's library has required the expenditure of significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

13. Fraserside, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so. Fraserside also distribute their copyrighted works, without limitation, through Internet streaming and download services.

14. Fraserside has registered with the United States Copyright Office their copyrighted works, and taken industry standard steps to identify their products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.

15. In investigating XOD's business, I discovered that XOD runs an affiliate program, wherein third party marketers are paid for referring Internet users to XOD's web site, xondemand.com. In advertising their affiliate program, XOD advertises to potential third party marketers that Private videos are available on its web site. Fraserside's movies are most commonly known as "Private" movies in the industry. Attached hereto as Exhibit A is a true and correct copy of a printout of one example of XOD's affiliate advertising capitalizing on Private's name.

16. In investigating XOD, I ran a search on Google, the world's most popular search engine, looking for "adult video on demand," which is XOD's business. XOD's web site xondemand.com is on the first page of the results of this search done in June 2010. Attached hereto as Exhibit B is a true and correct copy of my search results. Positioning in search results is dependent upon the popularity of a

web site. XOD's position in the search established at xondemand.com is one of the most popular sites for adult video on demand.

17. In investigating XOD, I ran a search on Yahoo!, one of the world's most popular search engines, looking for "adult video on demand," which is XOD's business. XOD's web site xondemand.com is on the first page of the results of this search done in June 2010. Attached hereto as Exhibit C is a true and correct copy of my search results. Positioning in search results is dependent upon the popularity of a web site. XOD's position in the search established at xondemand.com is one of the most popular sites for adult video on demand.

18. In investigating XOD, I ran a search on AOL, one of the world's most popular search engines, looking for "adult video on demand," which is XOD's business. XOD's web site xondemand.com is on the first page of the results of this search done in June 2010. Attached hereto as Exhibit D is a true and correct copy of my search results. Positioning in search results is dependent upon the popularity of a web site. XOD's position in the search established at xondemand.com is one of the most popular sites for adult video on demand.

19. XOD charges the user by the minute for viewing full-length video content on Defendant's website. XOD's website also includes banners and advertisements that appear on pages containing Plaintiff's copyrighted works. The banners and pop up advertising provide revenue to, without any of the advertising revenue being shared with (or even reported to) the Fraserside.

20. As previously stated, XOD's use of Plaintiff's works also serves as an inducement, attracting third party marketers (affiliates) to market Defendant's xondemand.com website. The increased traffic to Defendant's web site necessarily increases monies generated through the banners and pop up advertisements.

DECLARATION OF JASON TUCKER - 5

21. In October 2010, I further investigated XOD and its business practices. I discovered that, even after being served with this lawsuit and after filing a motion to dismiss, XOD was still advertising Private videos to induce third party marketers to its affiliate program and end users to the web site xondemand.com. Attached hereto as Exhibits E and F are true and correct copies of Internet advertisement I located in October 2010, wherein XOD advertises Private videos.

22. Attached hereto as Exhibit G is a true and correct copy of XOD's 18 U.S.C. 2257 Compliance page from October 2010. This lists Private as one of the videos displayed by XOD.

23. Attached hereto as Exhibit H is a true and correct copy of XOD's 18 U.S.C. 2257 Compliance page from October 2011. This lists Private as one of the videos displayed by XOD.

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge, the foregoing statements are true and correct.

Executed this 17th day of October 2011.

Respectfully submitted,

_____
JASON TUCKER