**OPP**
LIONEL SAWYER & COLLINS
Charles H. McCrea, Jr. (SBN #104)
Meredith L. Markwell (SBN #9203)
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

Tel  (702) 383-8888
Fax  (702) 383-8845

*Attorneys for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CONSIPIO HOLDING BV, a corporation organized under the laws of The Netherlands, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>PRIVATE MEDIA GROUP, INC., a Nevada corporation, et al.,<br><br>            Defendants,<br><br>AND ALL RELATED ACTIONS. | Case No.: A-10-622802-B<br>Dept. No.: XI<br><br>**ERRATA TO PLAINTIFFS' OPPOSITION TO DEFENDANT PRIVATE MEDIA GROUP, INC.'S MOTION FOR STAY OF ORDER APPOINTING RECEIVER**<br><br>Date of Hearing: August 31, 2011<br>Time of Hearing: 9:00 a.m. |

Plaintiffs CONSIPIO HOLDING BV ("Consipio"), ILAN BUNIMOVITZ ("Bunimovitz"), TISBURY SERVICES INC. ("Tisbury"), and CLAUDIO GIANASCIO ("Gianascio; collectively "Plaintiffs") oppose the motion filed by Defendant PRIVATE MEDIA GROUP, INC. ("PRVT") for a stay of the Order appointing Eric Johnson as Receiver for PRVT pending PRVT's second petition for writ relief to the Nevada Supreme Court. Unless Mr. Johnson is permitted to act as the Receiver for PRVT, Milton will succeed in fraudulently

draining away all of PRVT's assets and valuable intellectual property rights -- as he has already tried to do in the days following the Court's August 23, 2011 ruling -- thereby bankrupting the corporation.

I. **STATEMENT OF FACTS**

On August 23, 2011, after a year of allowing PRVT the more lenient option of a preliminary injunction to prevent further embezzlement and mismanagement by defendant Berth H. Milton Jr. ("Milton"), PRVT's President, Chairman and CEO, and after a year of PRVT and its so-called "independent" directors failing to take any actions to try to recover the millions embezzled by Milton, the Court appointed director Eric Johnson as Receiver for PRVT.

The recent developments that have occurred in the few days since the Court's August 23, 2011 decision further demonstrate the need for a receiver:

- On August 25, 2011, two days after the Court appointed Mr. Johnson as receiver, *Milton removed €17,035.60 (approximately $24,701.62) from PRVT's bank accounts.*[1]

- On August 26, 2011, PRVT filed an 8-K with the SEC (without informing Mr. Johnson or obtaining his input as to the 8-K), in which PRVT states that "[w]hether or not the Order [appointing Receiver] is stayed or set aside, the Company intends to continue to conduct its business in the ordinary course" -- *i.e., PRVT will not recognize the authority of the Receiver.*[2]

- On August 28, 2011, Johan Gillborg sent an email to Mr. Johnson informing him that PRVT has "received preliminary legal advice from local counsel in Sweden and Spain and additional legal steps must be taken by you, as receiver, to exercise power over non-US operations. We are awaiting legal advice in other jurisdictions."[3]

- On August 29, 2011, when Mr. Johnson arrived in Barcelona, Spain and went to

---

[1] *See* Exhibit 1, excerpts from the daily cash balances (filed under seal).
[2] *See* Exhibit 2, PRVT's Form 8-K filed on August 26, 2011.
[3] *See* Exhibit 3, the email chain between Mr. Johnson and Mr. Gillborg.

PRVT's European headquarters with certified copies of the Order appointing him as Receiver, *Mr. Johnson was refused entry into the building on Milton's orders.*[4]

- On August 29, 2011, Andrew Sullivan, the Vice President of Online Services for PRVT, accompanied Mr. Johnson at his request to European headquarters. *Mr. Sullivan was initially allowed into PRVT's offices but was forced to leave by Milton, who called the police and building security to have Mr. Sullivan forcibly removed.*[5] Mr. Sullivan left the building before the police arrived after being given an unsigned letter from Milton stating that "Milcap Media Group, S.L.U. [one of PRVT's main subsidiaries] - or any other Spanish company mentioned in the decision - *has no legal duty to follow the receiver's instructions.*"[6]

- On August 29, 2011, nearly a week after the Court's ruling appointing the Receiver, *Milton attempted to transfer the valuable internet domain name "private.com" from the company's name into his own name.* Upon learning of this, Mr. Johnson contacted the legal department of the registrar and informed them of the Order appointing him as Receiver of PRVT. The registrar refused to acknowledge Milton's attempted transfer and placed the internet domain name "private.com" under a legal block to prevent Milton from continuing to try to transfer it into his own name.[7]

- PRVT's CFO, Johan Gillborg ("Gillborg"), and U.S. Securities counsel, Samuel Guzik ("Guzik"), have been organizing calls with the NASDAQ without Mr. Johnson's knowledge or input.[8]

---

[4] *See* Exhibit 4, the Declaration of Eric Johnson.
[5] *See* Exhibit 5, the Declaration of Andrew Sullivan.
[6] *See* Exhibit 6, the Declaration of Joseph Soltis.
[7] *See* Exhibit 7, the email communications discussing the domain name.
[8] *See* Exhibit 8, the email communications between Johan Gillborg and the NASDAQ.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

## II. LEGAL DISCUSSION

NRAP 8(a) "require[s] a party to seek a stay in the district court before seeking a stay in" the Nevada Supreme Court. Hansen v. Eighth Judicial District Court, 116 Nev. 650, 657, 6 P.3d 982, 986 (2000). The Supreme Court noted that this "requirement is a sound one that should also apply to writ petitions when the order the petition seeks to challenge is one issued by a district court." Id.

In Hansen, the Supreme Court explained:

> In deciding whether to issue a stay, this court generally considers the following factors:
>
> (1) Whether the object of the appeal or writ petition will be defeated if the stay is denied;
>
> (2) Whether appellant/petitioner will suffer irreparable or serious injury if the stay is denied;
>
> (3) Whether respondent/real party in interest will suffer irreparable or serious injury if the stay is granted; and
>
> (4) Whether appellant/petitioner is likely to prevail on the merits in the appeal or writ petition.

Id. (citing NRAP 8(c); Kress v. Corey, 65 Nev. 1, 189 P.2d 352 (1948)).

Here, none of the factors listed in Hansen support PRVT's request for a stay of the Order appointing Mr. Johnson as Receiver pending the Supreme Court's decision on PRVT's second petition for writ relief.

PRVT claims that it will suffer irreparable harm if the Order appointing Mr. Johnson as Receiver is not stayed. Nothing could be further from the truth. Unless Mr. Johnson is able to act as Receiver for PRVT, Milton will drain away all of PRVT's assets and valuable intellectual property rights, thereby destroying the corporation before the writ petition can be decided.

In his Declaration, Mr. Sullivan states that in January of 2011, during a meeting between Milton and Mr. Sullivan, *Milton stated that "if they [the plaintiffs in the Nevada case against PRVT] win, there will be nothing left of the company to take."* This suggested to Mr. Sullivan that Milton was preparing to either drain, damage or remove assets from Private-owned

companies.[9]

This concern has been verified by Milton's actions since the Court appointed the Receiver. As discussed above, on August 25, 2011, two days after the Court appointed Mr. Johnson as receiver, *Milton removed €17,035.60 (approximately $24,701.62) from PRVT's bank accounts.*[10] On August 29, 2011, nearly a week after the Court's ruling appointing the Receiver, *Milton attempted to transfer the valuable internet domain name "private.com" from the company's name into his own name.* Upon learning of this, Mr. Johnson contacted the legal department of the registrar and informed them of the Order appointing him as Receiver of PRVT. The registrar refused to acknowledge Milton's attempted transfer and placed the internet domain name "private.com" under a legal block to prevent Milton from continuing to try to transfer it into his own name.[11] Thus, PRVT's claim that the object of its writ petition will be defeated if a stay of the Order appointing the Receiver is not granted fails in its entirety.

PRVT argues that these proceedings, particularly the Order appointing Mr. Johnson as Receiver, should be stayed pending the resolution of PRVT's most recent writ petition to the Nevada Supreme Court. However, a stay of the Order appointing the Receiver is not appropriate, given that PRVT is not likely to prevail on its petition for writ relief from that Order.

The Nevada Supreme Court has explained that "when moving for a stay pending an appeal or writ proceedings…the movant must present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." Hansen v. Eighth Judicial District Court, 116 Nev. 650, 659, 6 P.3d 982, 987 (2000)(quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir.1981)).

Here, PRVT is not likely to prevail on its petition for writ relief from the Order appointing the Receiver, since NRS 78.650 clearly allows the Court to appoint a receiver for a Nevada corporation where, as here, "[i]ts trustees or directors have been guilty of fraud or

---

[9] *See* Exhibit 5.

[10] *See* Exhibit 1 (filed under seal).

[11] *See* Exhibit 7.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

collusion or gross mismanagement in the conduct or control of its affairs," "[i]ts trustees or directors have been guilty of misfeasance, malfeasance or nonfeasance," and "[t]he assets of the corporation are in danger of waste, sacrifice or loss through attachment, foreclosure, litigation or otherwise."

Finally, it is not appropriate to stay the Order appointing the Receiver indefinitely pending the resolution of PRVT's second writ petition, which will certainly take many months -- particularly since Milton continues to try to fraudulently transfer PRVT's corporate assets and valuable intellectual property rights away from the corporation and into his own name.

### III. CONCLUSION

PRVT will not suffer irreparable harm if the Order appointing Mr. Johnson as receiver is not stayed. Unless Mr. Johnson is permitted to act as Receiver, Milton will succeed in fraudulently draining away all of PRVT's assets and valuable intellectual property rights, thereby bankrupting and destroying the corporation before the writ petition can be decided. Moreover, PRVT is not likely to prevail on its petition for writ relief from the Order Appointing Receiver.

PRVT's motion for a stay of the Order appointing Mr. Johnson as Receiver pending the resolution of its second writ petition should therefore be dismissed.

Respectfully submitted,

LIONEL SAWYER & COLLINS

By: _____
Charles H. McCrea, Jr. (NSB #104)
Meredith L. Markwell (NSB #9203)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31 day of August, 2011, I served a copy of the foregoing ERRATA TO PLAINTIFFS' OPPOSITION TO DEFENDANT PRIVATE MEDIA GROUP, INC.'S MOTION FOR STAY OF ORDER APPOINTING RECEIVER by mailing a copy in the United States Mail, postage prepaid at Las Vegas, Nevada, addressed to the following at their last known address:

>Robert A. Dotson, Esq.
>Laxalt & Nomura, Ltd.
>9600 Gateway Drive
>Reno, NV 89521
>*Attorneys for Defendants Private Media Group, Inc., Bo Rodebrant, Johan Gillborg, Peter Dixinger and Johan Carlberg*

>John S. Delikanakis, Esq.
>Karl O. Riley, Esq.
>Snell & Wilmer LLP
>3883 Howard Hughes Parkway, Suite 1100
>Las Vegas, Nevada 89169
>*Attorneys for Defendant Berth H. Milton, Jr.*

A courtesy copy was also sent via email to Mr. Dotson and Mr. Delikanakis.

By: _____
Meredith L. Markwell, an employee of
Lionel Sawyer & Collins