Chad Belville IA Bar 015731
304 East Beth Drive
Phoenix, AZ 85042
602-904-5485
FAX 602-297-6953
cbelville@azbar.org
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| FRASERSIDE IP LLC,<br>    An Iowa Limited Liability Company<br><br>vs.<br><br><br>Hammy Media Ltd, dba XHamster.com and<br>www.xhamster.com and John Does 1 - 100 and<br>John Doe Companies 1 - 100 | No. 11-cv-03025-MWB<br><br>BRIEF IN SUPPORT OF<br>RESISTANCE TO MOTION TO<br>DISMISS |

Defendant's latest filing, styled as a supplement to its motion to dismiss, is a thinly veiled attempt to delay the inevitable shutting down of its money making infringement of Plaintiff's intellectual property. The arguments Defendant makes are based on mere allegations made in cases not before this case, and do not permit this Court to grant dismissal. Further, Defendant's arguments are based upon erroneous information that the Defendant should have verified prior to filing its pleadings. The Court should deny Defendant's Motion to Dismiss forthwith.

**Argument**

Motions to dismiss are sparingly granted and in passing on such a motion the court accepts well pleaded allegations of fact as true, in a light most favorable to the plaintiff. *Lundell v. Massey-Ferguson Services N. V.*, 277 F.Supp. 940 (D.C. Iowa 1967). The Court is "bound to accept as true, for purposes of [a Rule 12(b)(6)] motion, the facts alleged by the plaintiff."

1

*Stephens v. Associated Dry Goods Corp.*, 805 F.2d 812, 814 (8th Cir.1986). If the Court follows these rules of law in this case, the Court must deny the Motions to Dismiss.

### The Allegations of Competing Ownership

Defendant, however, seeks to disprove the allegations of the Complaint – primarily that Plaintiff, Fraserside IP ("IP" or "Plaintiff") does not own the copyright to a small number of the 86 videos listed, and does not own the rights to the trademarks as alleged in the Complaint. Defendant doesn't provide actual evidence that Plaintiff doesn't own the copyrights and trademarks, and doesn't seek summary judgment. Instead, Defendant points to allegations made in other cases as "proof" that Plaintiff does not own the copyrights and trademarks as it asserts in its Complaint, and demonstrates in its Resistance to Motion to Dismiss and exhibits thereto.

Specifically, Defendant asserts that in a case filed in the Central District of California captioned *Fraserside Holdings, Ltd. v. XOD, LLC*, CV10-5174-GW (the "XOD Litigation"), Fraserside Holdings ("Holdings") asserted copyright ownership over five videos and the trademarks Private (Registration No. 1014957), Private Gold (Registration No. 3188677), and the image of two female figures (Registration No. 3389749), which Plaintiff asserts ownership over in this action. Defendant cites to pleadings in that case to support its assertion that Plaintiff does not own the copyrights and trademarks that are the subject of this case, and thus does not have standing to sue.

First, even assuming that the Court may consider the pleadings in the other case, there are over 75 videos listed in Plaintiff's complaint, while Defendant has listed only 26 of them to which Holdings has asserted copyright ownership. Thus, there are some 49 or more videos that Defendant does not allege Holdings claims ownership over.

Further, the Court cannot take into consideration allegations in complaints and pleadings in another court except by judicial notice. Here the Court cannot take judicial notice of the allegations.

Rule 201 of the Federal Rules of Evidence governs judicial notice. Rule 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Defendant is asking the Court not to take judicial notice of the fact of these filings, but is instead offering these pleadings for the truth of the matter asserted therein, and thus is asking the Court to assume that the facts alleged therein are true. This also the court cannot do. Judicial notice does not extend to the truth of the matter asserted in the other litigation, as to do so is inconsistent with Rule 201(b). 5-Star Mgmt., Inc. v. Rogers, 940 F. Supp. 512, 519 (E.D.N.Y. 1996). Further, because the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, in order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. *U.S. v. Jones*, 29 F.3d 1549 (11th Cir. 1994) citing, 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994).

As the Eighth Circuit noted in *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 830 (8th Cir. 2003), where the pleading is offered for the truth of the matters asserted, and the opposing party disputes such facts, then the pleadings should not be the subject of judicial notice on a motion to dismiss.

Under this precedent, the affidavit offered by Defendant from the case in California may not be judicially noticed. A court may only take notice that an affidavit was filed and that

3

averments were made, and may not judicially notice the statements asserted therein. *FDIC v. O'Flahaven*, 857 F.Supp. 154, 157-58 (D.N.H. 1994).

Thus, here, while the Court may take judicial notice of the fact of other litigation that is ongoing, the Court cannot take judicial notice of the allegations asserted in the filings in the case when considering Defendant's Motion to Dismiss.

Had the Defendant taken time to read the Declaration of Jason Tucker, Defendant might have realized that Tucker's Declaration uses the phrase "at all times relevant", which accounted for the fact that trademarks and copyrights were transferred to Fraserside IP LLC in late 2010. Like the failure to follow up on the October 14, 2011 phone call, a slightly more diligent approach by the Defendant here would have revealed there was truly no basis for its Supplemental Reply Brief.

The Supplement presented by Defendant thus contributes nothing to the Motion to Dismiss. The Court should deny the Motion to Dismiss.

**The Allegations of Transfers in Violation of Court Orders and Without the Knowledge of the Receiver**

Defendant next points to an order of a state trial court in Nevada in which Private Media Group, Inc., the parent of Fraserside IP LLC and Fraserside Holdings, was a party. Defendant asserts that the court there purportedly ordered Private and its subsidiaries not to dispose of assets except in the ordinary course of business. Defendant also asserts that a receiver was appointed for the management of Private and its subsidiaries. Defendant then asserts that Private and its subsidiaries have made transfers that were not permitted under the court order, and that Receiver and counsel for the Receiver was not aware of the transfer of intellectual property to IP and the pursuit of this infringement case.

4

Even assuming all this were true (it is not, as shown below), Defendant has no standing to assert any rights as a result of the foregoing. A party "cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). Thus, Defendant cannot be heard to complain about the alleged violation of the court order, or of the receiver's alleged lack of knowledge of the transfer or of this case.

Defendant is wrong in its assumption that the transfers of copyrights and trademarks to Fraserside IP LLC were in contravention of the Court's order. No assets were disposed of and the actions were within the ordinary course of business. No director opposed the creation of Fraserside IP LLC or transfer of copyrights and trademarks to the Iowa company. See Attachments B through F; Declaration of Berth Milton, CEO, Declaration of Johan Gillborg, CFO; Declaration of James Moran, In House Counsel; Declaration of Philip Christmas, Financial officer; Declaration of Jason Tucker.

Defendant is also wrong in its assertion that the Receiver knew nothing of this action. Defendant's counsel called the Receiver's counsel out of the blue asking questions, and the Receiver's counsel answered that **he** knew nothing of the transfer to Fraserside IP LLC or of the case at the time of the call on October 14, 2011 and assumed the Receiver was also unaware. However, the Receiver was aware of this litigation and supportive of the same. Exhibit G, Letter from Thomas Kummer to Defendant's counsel. Exhibit A, Declaration of Eric Johnson. Surprisingly, Defendant Attorney Fray-Witzer did not follow up on the October 14, 2011 phone call before filing his affidavit. Had this been properly followed up, Fray-Witzer would have known that Receiver Eric Johnson had been informed of and condoned the actions in the

5

Northern District of Iowa thus revealing there was truly no basis for its Supplemental Reply Brief.

The Receiver did and does know of the transfer and of the pursuit of this and other infringement cases. Exhibit A, Declaration of Eric Johnson. As the attached affidavits demonstrate, Fraserside IP LLC was established, and the copyrights and trademarks were transferred to it without objection from any of the officers of Private Media Group Inc. and its associated companies. Exhibits A-F, Declarations of Eric Johnson, Receiver; Declaration of Berth Milton, CEO; Declaration of Johan Gillborg, CFO; Declaration of James Moran, In House Counsel; Declaration of Philip Christmas, Financial officer. Fraserside IP LLC is the owner of all copyrights and trademarks claimed. Eric Johnson, the Court appointed Receiver, knew of all of the lawsuits filed by Fraserside IP LLC in the Northern District of Iowa and does support the prosecution of these lawsuits. See Declaration of Eric Johnson, ¶ 6

The Receiver and all of the officers of Private and Holdings know of and support this lawsuit by Fraserside IP LLC. Defendant has no grounds and no standing to complain. Again, Defendant is simply throwing more spaghetti at the wall, hoping thereby to prolong its lucrative infringement of Plaintiff's copyrights and trademarks, all to Plaintiff's detriment.

The Court should ignore Defendant's supplemental reply as it is not supported in law or in fact regarding the Motion to Dismiss. Further, the Court should rule against Defendant, denying the Motion to Dismiss forthwith.

Date: November 11, 2011               Respectfully submitted,

                                      By:   /s/ Chad L. Belville
                                      Chad Belville, Attorney at Law
                                      Iowa Bar # 015731
                                      304 East Beth Drive
                                      Phoenix, AZ 85042

6

P.O. Box 17879  
Phoenix, AZ 85011  
Telephone: 602-904-5485  
FAX: 602-297-6953  
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF

Certificate of Service

I, Chad Belville, Attorney for Plaintiff, hereby certify that on November 11, 2011 a copy of this Resistance to Defendants' Motion to Dismiss was served upon the Attorneys for Defendants, listed as Connie M. Alt, Jennifer Rinden, Valentin Gurvits, and Evan Fray-Witzer, through the Courts Electronic Case Filing System.

/s/ Chad L. Belville

EXHIBIT LIST:

A.   Declaration of Eric Johnson

B.   Declaration of Berth Milton

C.   Declaration of Johan Gillborg

D.   Declaration of James Moran

E.   Declaration of Philip Christmas

F.   Declaration of Jason Tucker

G.   Letter from Attorney Kummer